**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANDY GIL, and RAFAEL HERNANDEZ, on behalf of themselves and all other similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>PIZZAROTTI, LLC., ATLANTIC CONTRACTING OF YONKERS, INC., JOEL ACEVEDO, IGNAZIO CAMPOCCIA, GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA, JOHN DOE CORPORATIONS 1-10, and RICHARD ROES 1-10,<br><br>　　　　　　　　　　Defendants. | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION & RULE 23 CLASS ACTION** |

Plaintiffs ANDY GIL and RAFAEL HERNANDEZ, on behalf of themselves and all others similarly situated, by and through their attorneys, Harrison, Harrison & Assoc., Ltd, allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

　　1.　　Plaintiffs ANDY GIL and RAFAEL HERNANDEZ (referred to herein as "Plaintiffs") were employed as a full-time non-exempt construction employees of Defendants PIZZAROTTI, LLC., ATLANTIC CONTRACTING OF YONKERS, INC., JOEL ACEVEDO, IGNAZIO CAMPOCCIA, GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA, JOHN DOE CORPORATIONS 1-10 and RICHARD ROES 1-10 (collectively referred to herein as "Defendants"), subject to the wage and overtime provisions of the Fair Labor Standards Act of 1938 (hereinafter referred to as "FLSA"),

1

as amended, 29 U.S.C. § 201 *et. seq.,* and the New York Labor Law (hereinafter referred to as "NYLL").

2.  Plaintiffs bring this action on behalf of themselves and all others similarly situated seeking unpaid wages and unpaid overtime wages based upon Defendants' violations of the FLSA, the NYLL, and the supporting regulations.

## JURISDICTION AND VENUE

3.  Jurisdiction of this Court over this controversy is based upon 29 U.S.C. § 201 *et. seq.,* and 28 U.S.C § § 1331.

4.  This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

5.  Venue is proper within this District pursuant to 28 U.S.C. § 1391, because Defendants PIZZAROTTI, LLC. and ATLANTIC CONTRACTING OF YONKERS, INC., maintain their principal places of business in, do business in, and accordingly reside in, this District.  Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District.

6.  Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. 1391.

## THE PARTIES

7.  Plaintiff ANDY GIL is a resident of Queens County, State of New York.

8.  Plaintiff ANDY GIL was employed by the Defendants from in or about May, 2018 until the end of February, 2019.

9. Plaintiff RAFAEL HERNANDEZ is a resident of Queens County, State of New York.

10. Plaintiff RAFAEL HERNANDEZ was employed by the Defendants from in or about May, 2018 until the end of February, 2019.

11. At all times relevant hereto, Plaintiffs were "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and NYLL § 190(2).

12. Plaintiffs' written consent to sue forms are attached hereto as Exhibit "A".

13. Defendant PIZZAROTTI, LLC. ("Pizzarotti") is a Delaware Corporation with its place of business located at 909 THIRD AVENUE, 15TH FLOOR, NEW YORK, NEW YORK.

14. Defendant ATLANTIC CONTRACTING OF YONKERS, INC. ("Atlantic") is a New York Corporation with its place of business located at 373 SOUTH BROADWAY 4B YONKERS, NEW YORK.

15. Defendant JOEL ACEVEDO is the owner, chairman/chief executive officer, President and/or Manager of Defendant Atlantic. Defendant JOEL ACEVEDO has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

16. Defendant IGNAZIO CAMPOCCIA is a site manager, director, and/or supervisor of Defendant Pizzarotti. Defendant IGNAZIO CAMPOCCIA has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

17. Defendant IGNAZIO CAMPOCCIA scheduled the Plaintiffs', the FLSA Collective Plaintiffs', and the Class Members' hours of work, gave out their work assignments, supervised their daily work, disciplined them if they came late, and told them to sign in/out on their time-sheets.

18. Defendant GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA is a site manager, director, and/or supervisor of Defendant Pizzarotti. Defendant GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the

19. Defendant GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA scheduled the Plaintiffs', the FLSA Collective Plaintiffs', and the Class Members' hours of work, gave out their work assignments, supervised their daily work, disciplined them if they came late, and told them to sign in/out on their time-sheets.

20. At all times relevant hereto, each of the Defendants were "employers" within the meaning of Section 3(d) of the FLSA, 29 U.S.C .§ 203(d) and NYLL § 190(3).

21. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of Section 3 (r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

22. At all times relevant hereto, Defendants employed employees, including Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, who regularly engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i), and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s) (A)(i).

23. At all times relevant hereto, Defendants' annual gross volume of sales made or business done is not less than $500,000.00 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

## FACTUAL ALLEGATIONS

24. Defendant Pizzarotti holds itself out as a "global construction company that operates in more than 20 countries".[1]

25. Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members are all construction workers employed by Defendants to work on Defendants' "Jardim" project located at 527 West 27th Street in New York City.[2]

26. At all times relevant hereto, Defendants employed Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work as non-exempt hourly construction workers (hereinafter "Construction Workers").

26. At all times relevant hereto, Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members were paid hourly rates of between $17 and $35 per hour, approximately, for their work as Construction Workers for Defendants.

27. Defendants assigned Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to perform various construction related duties.

28. Defendants regularly scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work at least six days per week.

29. At least twice a month, Defendants scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work seven days per week.

---

[1] https://www.pizzarotti-usa.com/about-us/
[2] https://www.pizzarotti-usa.com/project/jardim-527-west-27th-street/

30. Plaintiffs – and the FLSA Collective Plaintiffs and the Class Members – regularly worked between 50 and 75 hours per week, or more.

31. On Mondays through Fridays, Defendants regularly scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work from 7:00 AM to between 3:30 and 7:00 PM.

32. On Saturdays and Sundays, Defendants scheduled Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members to work from 9:00 AM to between 3:00 and 5:00 PM.

33. At all times relevant hereto, Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members had to report to their work site - on Mondays through Fridays – and start working approximately thirty (30) to sixty (60) minutes prior to the start of their scheduled shifts at 7:00 AM.

34. Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for all of the time they spent working before 7:00 AM.

35. In addition, Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly worked well beyond their scheduled shifts, especially when there were inspections and/or deadlines.

36. Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members when they had to stay at work late past the end of their scheduled shifts.

37. In addition, Defendants regularly shaved hours off of Plaintiffs', FLSA Collective Plaintiffs', and the Class Members' total hours worked per week.

38. Thus, Defendants only paid Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for some – but not all - of the hours they worked for Defendants.

39. Defendants did not compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members for all of the time they worked for Defendants.

40. Even in those weeks in which Defendants recorded Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members as having worked more than forty (40) hours per week, Defendants failed to pay them overtime premiums – at the rate of one and one-half times their regular hourly rate of pay – for the hours they worked in excess of forty (40) hours per week

41. Despite Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members regularly working more than 40 hours per week – for example during one week Plaintiff Gil was recorded as having worked 60 hours per week and Plaintiff Hernandez was recorded as having worked 61 hours per week - Defendants did not compensate Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members at the lawful overtime rate of one and one-half times their regular hourly rate of pay for the hours they worked in excess of forty (40) hours per week.

42. Defendants failed to keep accurate and sufficient time records as required by Federal and New York State laws.

43. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish the Plaintiffs and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

44. Defendants failed to provide Plaintiffs and the Class Members with the notices required by NYLL §195(1).

45. Upon information and belief, Defendants violated NYLL § 195(4) by failing to establish, maintain and preserve, for not less than six (6) years, sufficiently detailed payroll records showing among other things, the hours worked, gross wages, deductions and net wages for each employee.

46. Upon information and belief, at all relevant times, Defendants failed to post and/or keep posted a notice explaining the overtime pay rights provided by the FLSA, in violation of 29 C.F.R.§ 516.4.

47. As a result of Defendants' failure to record, credit, and/or compensate Plaintiffs and the Collective Action Members for the full amount of the hours they worked for Defendants, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation, of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. Defendants' record keeping and notice violations prevented Plaintiffs, the FLSA Collective Plaintiffs, and Class Members from knowing their legal rights and from figuring out exactly how many hours they were not compensated for.

49. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiffs and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members, and that they violated the FLSA and the NYLL.

50. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants as a Construction Worker, or similar non-exempt employee, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiffs, are referred to herein as the "FLSA Collective Plaintiffs".

52. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiffs herein are essentially the same as those of the other FLSA Collective Plaintiffs.

53. Other Construction Workers and similar non-exempt employees currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other Construction Worker and similar non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.

54. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes

related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

55. Plaintiffs bring the Second and Third Claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, and other damages on behalf of all individuals employed in the State of New York by Defendants as Construction Workers and/or similar non-exempt employees, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

56. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendants' records.  Notice can be provided by means permissible under FRCP Rule 23.

57. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiffs and is presently within the sole control of Defendants, Plaintiff believes that through discovery they will obtain evidence to establish that there are at least two hundred members of the Class.

58. Plaintiffs' claims are typical of those claims of the Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in

separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not properly compensated for all hours worked <u>and</u> for all overtime hours worked as required by the NYLL and 12 NYCRR § 142-2.2, and in that Defendants failed to provide them with proper notices and wage statements as required by NYLL §195. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

59. As fellow employees of Defendants, which failed to adequately compensate Plaintiffs and the members of the Class as required by law, Plaintiffs and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

60. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs have retained David Harrison, Esq. of Harrison, Harrison & Associates, a competent and experienced employment litigator.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it

extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

62. Upon information and belief, employees of Defendants in these types of actions are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

63. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendants failed to adequately compensate the Class Members for all hours worked <u>and</u> for all overtime hours worked as required by the NYLL and 12 NYCRR § 142-2.2, (b) whether

Defendants provided Class Members with the notices required by NYLL § 195(1), and (c) whether Defendants provided Class Members with the detailed wage statements required by NYLL § 195(3).

64. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages – FLSA, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

65. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

66. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

67. At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

68. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

69. Because Defendants' violations of the FLSA have been willful, and because Defendants failed to post the notices required by the FLSA, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should apply.

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Wages & Overtime Wages – NYLL, Brought by Plaintiffs on Behalf of Themselves and the Class Members)

70. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

71. It is unlawful under New York law for an employer to suffer or permit an employee to work without compensation for all hours worked.

72. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

73. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members for all hours worked.

74. Throughout the Class Period, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiffs and the Class Members at the required overtime rates for all hours worked in excess of forty (40) hours per workweek.

75. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

76. Plaintiffs, on behalf of themselves and the Class Members, seek damages in the amount of their respective unpaid wages, unpaid overtime compensation, liquidated

damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(Notice Violations & Record Keeping & Wage Statement Violations – NYLL §195, Brought by Plaintiffs on Behalf of Themselves and the Class Members)**

77. Plaintiffs, on behalf of themselves and the Class Members, reallege and incorporate by reference all previous paragraphs as if they were set forth again herein.

78. Defendants have willfully failed to supply Plaintiffs and the Class Members with notices as required by NYLL § 195, in English or in the languages identified by Plaintiffs and each Class Member as his/her primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

79. Defendants have willfully failed to supply Plaintiffs and each Class Member with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked,

15

including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

80. Defendants violated NYLL § 195(1) and (3) and consequently owe Plaintiffs and the members of the Class statutory damages as specified by NYLL § 198.

81. Due to Defendants' violations of the NYLL, Plaintiffs and the Class Members are entitled to recover statutory damages as provided for by NYLL § 198(1)-d, and NYLL § 198(1)-b, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class Members, prays for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c) Designation of the Named Plaintiffs as the Representatives of the FLSA Collective Plaintiffs and Class Representatives of the Class;

(d) An award of damages, according to proof, including FLSA and NYLL liquidated damages, statutory damages, and interest, to be paid by Defendants;

(e) Costs of action incurred herein, including expert fees;

(f) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g) Pre-Judgment and post-judgment interest, as provided by law; and

(h) Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: April 19, 2019

Respectfully submitted,

HARRISON, HARRISON & ASSOCIATES

  /S/ DAVID HARRISON
David Harrison (DH 3413)
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
(718) 799-9111 Phone
(718) 799-9171 Fax
nycotlaw@gmail.com
*Attorney for Plaintiffs, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT "A"

I am a current or former employee of __Atlantic Contracting + Pizzarotti__ and related entities/ individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

    I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this __2nd__ day of __April__, 2019.

_Andy Gil_
Signature

_Andy Brian Gil Sabater_
Full Legal Name (print)

I am a current or former employee of _Atlantic Contracting of Yonkers, Inc._ and related entities/ individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Harrison, Harrison & Associates, Ltd. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this _25_ day of _March_, 2019.

_____
Signature

_Rafael Hernandez_
Full Legal Name (print)