**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x

ANDY GIL, and RAFAEL HERNANDEZ, on behalf
of themselves and all other similarly situated,

                                 *Plaintiffs*,

      -*against*-

PIZZAROTTI, LLC, ATLANTIC CONTRACTING OF
YONKERS, INC., JOEL ACEVEDO, IGNAZIO
CAMPOCCIA, GIACOMO DI'NOLA a/k/a
GIACOMO DI NOLA, JOHN DOE CORPORATIONS
1-10, AND RICHARD ROES 1-10,

                               *Defendants*.

--------------------------------------------------------------------x

**Case No. 19-CV-03497 (JPO)**

**ANSWER TO AMENDED
COMPLAINT**

      PIZZAROTTI, LLC, IGNAZIO CAMPOCCIA, AND GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA (collectively referred to as "Defendants") by their attorneys, Cozen O'Connor, hereby answer the allegations in Plaintiffs' Amended Complaint by stating that any allegation not specifically admitted is denied and responds as follows:

      1.      Deny the allegations in Paragraph 1 of the Amended Complaint.

      2.      Deny the allegations in Paragraph 2 of the Amended Complaint and respectfully refers the Court to the Complaint for its full form and content.

      3.      State the allegations in Paragraph 3 of the Amended Complaint are conclusions of law which require no response.

      4.      State the allegations in Paragraph 4 of the Amended Complaint are conclusions of law which require no response and affirmatively state the Court should decline to exercise supplemental jurisdiction over all state law claims.

5.      State the allegations in Paragraph 5 are conclusions of law which require no response and further deny information or knowledge sufficient to form a belief as to Atlantic Contracting of Yonkers but admit Pizzarotti, LLC maintains its principal place of business in this District.

6.      State the allegations in Paragraph 6 are conclusions of law which require no response.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

8.      Deny the allegations in Paragraph 8 of the Amended Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Amended Complaint.

10.     Deny the allegations in Paragraph 10 of the Amended Complaint.

11.     State the allegations in Paragraph 11 are conclusions of law which require no response and specifically deny Plaintiffs were "employees" of Defendants.

12.     Admit the allegations in Paragraph 12 of the Amended Complaint.

13.     Deny the allegations in Paragraph 13 of the Amended Complaint.

14.     Deny knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 14 of the Amended Complaint.

15.     Upon information and belief, admit the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Upon information and belief, admit the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.     Deny the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Deny the allegations contained in Paragraph 20 of the Amended Complaint but upon information and belief admit Joel Acevedo and Atlantic Contracting of Yonkers Inc., were the "employers" of Plaintiffs.

21.     Deny the allegations in Paragraph 21 of the Amended Complaint.

22.     Deny the allegations in Paragraph 22 of the Amended Complaint.

23.     State the allegations contained in Paragraph 23 of the Amended Complaint are conclusions of law which require no response and further deny the allegations on the basis that it does not provide a time period.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     Admit the allegations in Paragraph 25 of the Amended Complaint.

26.     Deny the allegations in Paragraph 26 of the Amended Complaint.

27.     Deny the allegations in Paragraph 27 of the Amended Complaint.

28.     Deny the allegations in Paragraph 28 of the Amended Complaint but admit Defendant Pizzarotti was the general contractor on the Jardim project.

29.     Deny the allegations in Paragraph 29 of the Amended Compliant.

30.     Deny the allegations in Paragraph 30 of the Amended Complaint.

31.     Deny the allegations in Paragraph 31 of the Amended Complaint.

32.     Deny the allegations in Paragraph 32 of the Amended Complaint.

33.     Deny the allegations in Paragraph 33 of the Amended Complaint.

34.     Deny the allegations in Paragraph 34 of the Amended Complaint.

35.     Deny the allegations in Paragraph 35 of the Amended Complaint.

36.     Deny the allegations in Paragraph 36 of the Amended Complaint.

37.     Deny the allegations in Paragraph 37 of the Amended Complaint.

38.      Deny allegations in Paragraph 38 of the Amended Complaint.

39.     Deny the allegations in Paragraph 39 of the Amended Complaint.

40.     Deny the allegations in Paragraph 40 of the Amended Complaint.

41.     Deny the allegations in Paragraph 41 of the Amended Complaint.

42.     Deny the allegations in Paragraph 42 of the Amended Complaint.

43.     Deny the allegations in Paragraph 43 of the Amended Complaint.

44.     Deny the allegations in Paragraph 44 of the Amended Complaint.

45.     Deny the allegations in Paragraph 45 of the Amended Complaint.

46.     Deny the allegations in Paragraph 46 of the Amended Complaint.

47.     Deny the allegations in Paragraph 47 of the Amended Complaint.

48.     Deny the allegations in Paragraph 48  of the Amended Complaint.

49.     Deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Deny the allegations in Paragraph 51 of the Amended Complaint.

52.     Deny the allegations in Paragraph 52 of the Amended Complaint.

53.     Deny the allegations in Paragraph 53 of the Amended Complaint.

54.     Deny the allegations in Paragraph 54 of the Amended Complaint.

55.     Deny the allegations in Paragraph 55 of the Amended Complaint.

56.     Deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Deny the allegations in Paragraph 58 of the Amended Complaint.

59.     Deny the allegations in Paragraph 59 of the Amended Complaint and respectfully refer the Court to the Amended Complaint for its full form and content.

60.     Deny the allegations in Paragraph 60 of the Amended Complaint.

61.     Deny the allegations in Paragraph 61 of the Amended Complaint.

62.     Deny the allegations in Paragraph 62 of the Amended Complaint.

63.     Deny the allegations in Paragraph 63 of the Amended Complaint and respectfully refer the Court to the Amended Complaint for its full form and content.

64.     Deny the allegations in Paragraph 64 of the Amended Complaint.

65.     Deny the allegations in Paragraph 65 of the Amended Complaint.

66.     Deny the allegations in Paragraph 66 of the Amended Complaint.

67.      Deny the allegations in Paragraph 67 of the Amended Complaint.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Amended Compliant.

69.     Deny the allegations in Paragraph 69 of the Amended Complaint.

70.     Deny the allegations in Paragraph 70 of the Amended Complaint.

71.      Deny the allegations in Paragraph 71 of the Amended Complaint

72.     Deny the allegations in Paragraph 72 of the Amended Complaint.

73.     Repeat and re-allege responses set forth in Paragraphs 1-72 above as though fully set forth herein.

74.     Deny the allegations in Paragraph 74 of the Amended Complaint.

75.     Deny the allegations in Paragraph 75 of the Amended Complaint.

76.     Deny the allegations in Paragraph 76 of the Amended Complaint and respectfully refer the Court to the Amended Complaint for its full form and content.

77.     Deny the allegations in Paragraph 77 of the Amended Complaint.

78.     Repeat and re-allege responses set forth in Paragraphs 1-77 above as though fully set forth herein.

79.     State the allegations contained in Paragraph 79 of the Amended Complaint are conclusions of law which require no response.

80.     State the allegations contained in Paragraph 80 of the Amended Complaint are conclusions of law which require no response.

81.     Deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Deny the allegations in Paragraph 82 of the Amended Complaint.

83.     Deny the allegations in Paragraph 83 of the Amended Complaint.

84.     Deny the allegations in Paragraph 84 of the Amended Complaint and respectfully refer the Court to the Amended Complaint for its full form and content.

85.     Repeat and re-allege responses set forth in Paragraphs 1-84 above as though fully set forth herein.

86.     Deny the allegations in Paragraph 86 of the Amended Compliant.

87.     Deny the allegations in Paragraph 87 of the Amended Complaint.

88.     Deny the allegations in Paragraph 88 of the Amended Complaint.

89.     Deny the allegations in Paragraph 89 of the Amended Complaint.

90.     Deny the allegations in the second Paragraph 90 of the Amended Complaint.

91.     Deny Plaintiffs are entitled to any relief set forth in the PRAYER FOR RELIEF Paragraph including all subpart (a) – (h).

## DEFENSES

### First Defense

The Complaint and each and every cause of action contained therein, fails to state a claim on which relief can be granted.

### Second Defense

Defendants had no intention to violate any provision of the Fair Labor Standards Act and/or New York Labor Law.  Therefore, Defendants did not and are not willfully or recklessly violating the Fair Labor Standards Act and/or New York Labor Law.

### Third Defense

Defendants have acted in good faith belief that they are and were complying with all applicable provisions of the Fair Labor Standards Act and/or New York Labor Law.

### Fourth Defense

Plaintiffs' claims and those of the purported collective members are barred, in whole or in part, by the applicable statute of limitations.

### Fifth Defense

The case is not appropriate for a collective action because Plaintiffs are not similarly situated to other members of the purported collective action nor to themselves.

### Sixth Defense

Defendants did not have any knowledge that the Plaintiff and/or members of the purported collective or class performed any work for which they were not compensated.

### Seventh Defense

Ignazio Campoccia and Giacomo Di'Nola, as individuals, are not an employers and thus not proper defendants.

### Eighth Defense

To the extent that Plaintiff and/or members of the purported collective or class performed work for which they were not compensated, such time was *de minimis*.

### Ninth Defense

Plaintiffs and all purported class or collective action members received complete and timely payment of all wages.

### Tenth Defense

The New York state law claims of Plaintiff and/or members of the purported collective class must be dismissed because of a lack of supplemental jurisdiction over those claims, or, alternatively, the Court should exercise its discretion and not retain supplemental jurisdiction over the New York state law claims.

### Eleventh Defense

Pizzarotti, LLC is not an employer of Plaintiffs and thus has no liability under applicable federal and state wage and hour laws.

### Twelfth Defense

Each and every claim for relief contained therein, is barred as to all hours which Plaintiff and/or members of the purported collective class were engaged in preliminary or postliminary activities.

### Thirteenth Defense

Pizzarotti, LLC and Atlantic Contracting of Yonkers, Inc. do not constitute a single enterprise and/or are not joint employers.

### Fourteenth Defense

The Plaintiff does not meet the F.R.C.P. Rule 23 requirements and thus is action is not appropriate for class action treatment.

### Fifteenth Defense

At all relevant times, Atlantic Contracting of Yonkers, Inc., and Joel Acevedo were independent contractors / subcontractors to Pizzarotti, LLC.

Defendants reserve the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery.

WHEREFORE, Defendants pray that judgment be entered in its favor and against Plaintiffs, and that the Court award Defendants the costs of defense, including a reasonable attorney's fee, and such other relief as may be just and proper.

## AS AND FOR CROSS CLAIMS AGAINST CO-DEFENDANT ATLANTIC CONTRACTING OF YONKERS, INC. AND JOEL ACEVEDO

### Jurisdiction/Parties

1.      This cross claim seeks to enforce certain obligations arising under 29 U.S.C. Sec. 201, et seq. and is therefore within the subject matter jurisdiction of this Honorable Court pursuant to 28 U.S.C. §1331.  There is also supplemental jurisdiction under 28 U.S.C. §1367 in that these cross claims are closely related to the underlying claims asserted in this Complaint.

2.      Defendant PIZZAROTTI, LLC ("PIZZAROTTI") is a business entity organized under the laws of Delaware with a principal place of business located at 909 Third Avenue, 15th Floor, New York, NY  10022.

3.      Co-Defendant ATLANTIC CONTRACTING OF YONKERS, INC. ("ATLANTIC") is a New York corporation with a principal place of business located at 373 South Broadway, #4B, Yonkers, New York  10705.

4.      Upon information and belief, Co-Defendant JOEL ACEVEDO is an individual with an address of c/o Atlantic Contracting of Yonkers, Inc., 373 South Broadway, #4B, Yonkers, New York  10705.

5.      Co-Defendant IGNAZIO CAMPOCCIA is an individual with an address of c/o Pizzarotti, LLC, 909 Third Avenue, 15th Floor, New York, NY  10022.

6.      Co-Defendant GIACOMO DI'NOLA is an individual with an address of c/o Pizzarotti, LLC, 909 Third Avenue, 15th Floor, New York, NY  10022.

7.      Upon information and belief, Atlantic Contracting and/or Joel Acevedo conducted and solicited business in the State of New York, including within this Judicial District, and derived substantial revenue from goods and products sold, and/or services provided, in the State of New York, including within this Judicial District.

## Common Facts for All Cross Claims

8.      This litigation arises out of Plaintiffs' allegations that defendants named in the Complaint filed by Plaintiffs supposedly breached certain federal and state labor laws during the time period of May 2018 through February 2019.

9.      Plaintiffs ANDY GILL and RAFAEL HERNANDEZ commenced the within litigation by filing suit against defendants on or about April 19, 2019.

10.     Based on their investigation, Plaintiffs allege they were non-exempt hourly construction workers who were working at a construction project known as "Jardim" which was located at 527 West 27th Street in New York City.

11.     Plaintiffs allege that they were:  (a) not paid for all of the time they worked; (b) required to work beyond their scheduled shifts; and (c) not paid for overtime when they worked more than forty (40) hours per week.

12.     Plaintiffs further allege defendants failed to keep accurate time records of the time worked by each worker.

13.     Plaintiffs allege three (3) causes of action against defendants:  (a) failure to pay overtime in violation of federal law; (b) failure to pay overtime in violation of New York state law; and (c) failure to properly maintain accurate work records in violation of New York state law.

**AS AND FOR A FIRST CROSS CLAIM FOR INDEMNITY AND CONTRIBUTION
AGAINST ATLANTIC CONTRACTING OF YONKERS, INC. and JOEL ACEVEDO**

14.     PIZZAROTTI repeats and re-alleges each and every allegation set forth above in the Cross Claim paragraphs 1 through 13 with the same force and effect as if repeated herein in their entirety.

15.     According to Plaintiffs, defendants did not take sufficient actions to comply with federal and state labor laws which governs the rights of works at the Jardim project.

16.     According to Plaintiffs, defendants forced its workers to work beyond their scheduled shifts, did not pay them for the hours worked and did not pay them overtime when they worked more than forty (40) hours per week.

17.     According to Plaintiffs, defendants did not keep accurate records of the number of hours worked by its workers at the Jardim project.

18.     PIZZAROTTI gave instructions to ATLANTIC for the completion of certain tasks involving carpentry, taping and drywall work at the Jardim project pursuant to a contract. Any workers involved in these tasks were hired, supervised, administered and employed by ATLANTIC.  Any and all records maintained relating to the number of hours worked by these workers were the responsibility of ATLANTIC.

19.     Upon information and belief, ATLANTIC and/or JOEL ACEVEDO failed to exercise due diligence in hiring/firing, supervising and/or administering their workers, including Plaintiffs, in accordance with the federal and state labor laws.

20.     PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA had no duties, obligations or responsibilities for the hiring/hiring, evaluation, supervision, directing and/or controlling, setting pay rates, and overall administration of ATLANTIC's workers, including but not limited to Plaintiffs.

21.     At no time were PIZZAROTTI, IGNAZIO CAMPOCCIA, and GIACOMO DI'DOLA "employers" and/or "joint employers" of Plaintiffs and/or any employees of Atlantic Contracting of Yonkers, Inc. and/or Joel Acevedo.

22.     At all relevant times, Plaintiffs were only employed by Atlantic Contracting of Yonkers Inc. and/or Joel Acevedo.

23.     The damages or losses claimed by Plaintiffs, if any, were caused through no fault of PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA.

24.     PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'DOLA have no statutory liability or common law liability under federal, state or local laws with respect to Plaintiff's employment including but not limited to claims raised in the Complaint.

25.     PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA were not responsible for the hiring, supervision and administration of ATLANTIC's employees, including but not limited to Plaintiffs, and ATLANTIC and/or JOEL ACEVEDO were at all relevant times their legal employers and were responsible for complying with all wage and hour laws with respect to their employment.

26.     At all relevant times, ATLANTIC., and/or JOEL ACEVEDO and their employees or agents served as independent contractors / subcontractors to PIZZAROTTI.

27.     PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA lacked direct knowledge of the hiring, supervision, employment and administration practices of ATLANTIC and/or JOEL ACEVEDO, or if the hiring, supervision, employment and administration practices of ATLANTIC and/or JOEL ACEVEDO complied with federal or state labor law.

28.     Any violations of federal and state labor laws and resulting damage were caused by the acts, omissions, and/or neglect of ATLANTIC and/or JOEL ACEVEDO.

29.     As a result of the foregoing, ATLANTIC and/or JOEL ACEVEDO is liable to PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA based on their negligence, breach of contract, tort, breach of warranty, and lack of due diligence, including but not limited to any and all violations of federal and state labor laws for all losses and damages suffered, including defense costs and expenses.

30.     As a result of the foregoing, PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA have been forced to retain counsel and to incur significant attorney fees and expenses.

31.     In addition, Plaintiffs have claimed or will claim (whether in these proceedings or in an alternative administrative proceedings) against PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA for loss or damage arising from various violations of federal and state labor laws.

32.     If PIZZAROTTI, IGNAZIO CAMPOCCIA or GIACOMO DI'NOLA are liable to Plaintiffs, which is denied, whether by judgment or settlement, and whether in these or other proceedings, then PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA are entitled to indemnity and/or contribution (whether in tort or contract, express or implied) from ATLANTIC and/or JOEL ACEVEDO, including the recovery of attorney's fees and costs incurred by PIZZAROTTI in defending against all claims.

**AS AND FOR A SECOND CROSS CLAIM FOR INDEMNITY AND CONTRIBUTION AGAINST ATLANTIC CONTRACTING OF YONKERS, INC. and JOEL ACEVEDO**

33.     PIZZAROTTI repeats and realleges each and every allegation set forth above in paragraphs 1 through 32 with the same force and effect in the Cross Claim as if repeated herein in their entirety.

34.     On or about June 28, 2018, ATLANTIC entered into a contract with PIZZAROTTI for carpentry, taping and drywall services in connection with the Jardin project.

35.     Pursuant to the applicable contract, ATLANTIC and/or JOEL ACEVEDO was responsible for providing certain construction services at the Jardin project.  In order to provide these construction services, ATLANTIC and/or JOEL ACEVEDO had a non-delegable duty to hire, supervise and administer its own workers, including Plaintiffs, and to comply with all federal and state labor laws.

36.     ATLANTIC and/or JOEL ACEVEDO breached their contractual and statutory duties, or were negligent, by failing to properly hire, supervise and otherwise administer its employees, including but not limited to Plaintiffs.

37.     Any and all damages and/or losses arising from the breach of their contractual and statutory duties by ATLANTIC and/or JOEL ACEVEDO resulted from causes beyond the fault, privity and knowledge of PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA, as well as their officers, directors, managers, supervisors, superintendents and/or such persons or were otherwise imputable to the actions of ATLANTIC and/or JOEL ACEVEDO.

38.     The damages or losses claimed by Plaintiffs, if any, were caused through no fault of PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA.

39.     As a result of the foregoing, ATLANTIC and/or JOEL ACEVEDO are liable to PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA based on negligence, breach of contract, tort, breach of warranty, and lack of due diligence for all losses and damages suffered, including defense costs and expenses.

40.      As a result of the foregoing, PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA have been forced to retain counsel and to incur significant attorney fees and expenses.

41.     In addition, Plaintiffs have claimed or will claim (whether in these proceedings or in an alternative administrative proceedings) against PIZZAROTTI, IGNAZIO CAMPOCCIA

and GIACOMO DI'NOLA for loss or damage arising from certain violations of federal and state labor laws.

42.    If PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA are liable to Plaintiffs, which is denied, whether by judgment or settlement, and whether in these or other proceedings, then PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA are entitled to indemnity and/or contribution (whether in tort or contract, express or implied) from ATLANTIC and/or JOEL ACEVEDO, including the recovery of attorney's fees and costs incurred by PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA in defending against all claims.

## AS AND FOR A THIRD CROSS CLAIM FOR INDEMNITY AND CONTRIBUTION AGAINST ATLANTIC CONTRACTING OF YONKERS, INC. and JOEL ACEVEDO

43.    PIZZAROTTI repeats and realleges each and every allegation set forth above in paragraphs 1 through 42 with the same force and effect in the Cross Claim as if repeated herein in their entirety.

44.    On or about June 28, 2018, ATLANTIC entered into a contract with PIZZAROTTI for carpentry, taping and drywall services in connection with the Jardin project. This contract contained a provision for indemnity which stated as follows:

(a) [ATLANTIC] shall defend, indemnify and hold harmless PIZZAROTTI as well as any other entity PIZZAROTTI may direct, in connection with the ownership and/or development of the Property or the Property, together with their respective subsidiaries, affiliates, successors and assigns, and the directors, officers, and employees of each of them ("Indemnified Parties") from and against all claims, liabilities, damages, fines, penalties, and costs of any nature (including reasonable attorneys' fees), arising out of or resulting from [ATLANTIC]'s breach of this Agreement or a negligent act or omission in the rendering of the Services by [ATLANTIC] or its sub-consultants except to the extent that such arises or result from a negligent act or omission of the Indemnified Parties. [ATLANTIC]'s indemnity obligations under this Section 9(a) shall survive termination of the Agreement and shall apply regardless of the theory of liability.

45.     At all relevant times, ATLANTIC agreed pursuant to this contract to provide a complete and virtually unlimited indemnification in favor PIZZAROTI and all other co-defendants related to PIZZAROTI.  The only limitation on this indemnification is where PIZZAROTI was otherwise negligent.  Based on the allegations set forth in the Complaint, Plaintiffs have not alleged PIZZAROTTI, IGNAZIO CAMPOCCIA or GIACOMO DI'NOLA were negligent in any way.

46.     Pursuant to the contract, ATLANTIC had a duty to PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA to provide an indemnification "against all claims, liabilities, damages, fines, penalties, and costs of any nature (including reasonable attorneys' fees), arising out of or resulting from [ATLANTIC]'s breach of this Agreement or a negligent act or omission in the rendering of the Services by [ATLANTIC]".

47.     The damages or losses claimed by Plaintiffs, if any, were caused through no fault of PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA.

48.     If Plaintiffs sustained any damages as alleged in their respective pleadings, whether in the nature of negligence, breach of contract, breach of warranty, or lack of due diligence (all of which is expressly denied), said damages were a direct and proximate consequence of the negligence, carelessness, recklessness, acts and/or the omissions of ATLANTIC and/or JOEL ACEVEDO in connection with its aforesaid business activities.

49.     As a result of the foregoing, PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA have been forced to retain counsel and to incur significant attorney fees and expenses.

50.     In addition, Plaintiffs have claimed or will claim (whether in these proceedings or in an alternative administrative proceedings) against PIZZAROTTI, IGNAZIO CAMPOCCIA

and GIACOMO DI'NOLA for loss or damage arising from violations of federal or state labor laws.

51.     Irrespective of whether PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA is liable to Plaintiffs, which is denied, PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA are nevertheless entitled to indemnity and/or contribution (whether in tort or contract, express or implied) from ATLANTIC and/or JOEL ACEVEDO, including the recovery of attorney's fees and costs incurred by PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA in defending against all claims.

**WHEREFORE,** Defendants PIZZAROTTI LLC, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA respectfully prays for the following:

(a)     That Plaintiffs' Complaint as against PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA be dismissed with prejudice;

(b)     That a decree be entered in favor of PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA against all other co-defendants on the cross claims described above, including for damages suffered and incurred by PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA directly and for indemnity and contribution to the extent Plaintiffs recover, whether in judgment or settlement, against PIZZAROTTI; IGNAZIO CAMPOCCIA or GIACOMO DI'NOLA, and

(c)     That PIZZAROTTI, IGNAZIO CAMPOCCIA and GIACOMO DI'NOLA be awarded such other and further relief as justice requires.

Dated: New York, New York
      August 6, 2019
                         COZEN O'CONNOR

                         Attorneys for Defendants/Cross Claimants

                         PIZZAROTTI LLC, IGNAZIO CAMPOCCIA and
                         GIACOMO DI'NOLA

              By:   s/ John Ho_____
                  John Ho
                  277 Park Avenue, 20th Floor
                  New York, New York  10172
                  Tel:  212-883-4900
                  Fax:  212-986-0604
                  jho@cozen.com