UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY GIL, and RAFAEL HERNANDEZ, on behalf of themselves and all other similarly situated;<br><br>               Plaintiffs,<br><br>      v.<br><br>PIZZAROTTI, LLC; ATLANTIC CONTRACTING OF YONKERS, INC.; JOEL ACEVEDO; IGNAZIO CAMPOCCIA; GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA; JOHN DOE CORPORATIONS 1-10 and RICHARD ROES 1-10;<br><br>               Defendants. | Case No. 1:19-cv- 03497 (MKV)<br><br>**<u>DECLARATION OF JENNIFER A. QUELIZ IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT</u>** |

JENNIFER A. QUELIZ, being duly sworn, deposes and says:

1.     I am the attorney of record for Defendants/Cross Claimants Pizzarotti LLC, Ignazio Campoccia and Giacomo Di'Nola ("Defendants/Cross Claimants"). I am duly licensed to practice law in the State of New York and am admitted to the United States District Court for the Southern District of New York. I make this declaration of my own personal knowledge, except as indicated, and could testify to the facts stated therein if called upon to do so. I submit this Affidavit in support of Defendants/Cross Claimants Motion for Default Judgment against Defendants Atlantic Contracting of Yonkers, Inc. ("Defendant Atlantic") and Joel Acevedo ("Defendant Acevedo"), (collectively, "Defendants").

2.     A proposed order to show cause is annexed hereto as Exhibit A.

3.     A proposed default judgment is annexed hereto as Exhibit B.

4.     The Certificates of Default from the Clerk of Court for Defendants are annexed hereto as Exhibit C.

**Jurisdiction**

5.     The Cross Claims seeks to enforce obligations arising under 29 U.S.C. § 201, *et seq.*, and are therefore within the subject matter of this Court pursuant to 28 U.S.C. § 1331 for federal question jurisdiction.  This Court also may exercise supplemental jurisdiction under 28 U.S.C. § 1367 because the state-law claims of indemnity and contribution arise from the same nucleus of operative facts as the federal claims.  *See* (ECF Doc. #33 ¶ 1); *see also United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

6.     This Court may properly exercise personal jurisdiction over Defendants as Defendant Atlantic is a New York domestic corporation with its principal place of business in New York, and Defendants Acevedo is a resident of the State of New York.  (ECF Doc. #33 ¶¶ 3-4). Therefore, both Defendants are in-state residents for purposes of personal jurisdiction.

**Statement of Claim**

7.     Defendants/Cross Claimants assert that Defendants are liable to them for contribution and indemnification, including for damages suffered and incurred by Defendants/Cross Claimants, attorneys' fees and costs incurred by Defendants/Cross Claimants in defending against all claims, and damages assessed against Defendants/Cross Claimants to the extent Plaintiffs Andy Gill and Rafael Hernandez and the putative FLSA Collective Action Members and Class ("Plaintiffs") recover against Defendants/Cross Claimants, whether in judgment or settlement.  (ECF Doc. #33 ¶ 51).

8.     This obligation for indemnity and contribution arises from Defendants/Cross Claimants' allegations that Defendants were the relevant legal employers of Plaintiffs and responsible for complying with all wage and hour laws with respect to their employment and that Defendants were solely responsible for the hiring, evaluation, supervision, directing and/or

controlling, setting pay rates, and overall administration of Defendant Atlantic's employees, including but not limited to, Plaintiffs.  (ECF Doc. #33 ¶¶ 14-32).

9.      Defendant/Cross Claimant Pizzarotti LLC gave instructions to Defendant Atlantic to perform certain tasks involving carpentry, taping and drywall work at the Jardim project pursuant to a contract, however, the workers involved in these tasks were hired, supervised, administered, and employed by Defendant Atlantic.   Defendants/Cross Claimants lacked knowledge or supervision of these employees, including Plaintiffs.  *See* (ECF Doc. #33 ¶¶  18, 27, 35-37).

10.     Defendants breached their contractual and statutory duties, or were negligent, with respect to their hiring, supervision, and administration of their employees; such breach of contractual and statutory duties resulted from causes beyond the fault, privity, and knowledge of Defendants/Cross Claimants and therefore the damages sought by Plaintiffs, if any, were caused through no fault of Defendants/Cross Claimants and are properly attributed solely against Defendant Atlantic and Defendant Acevedo.  (ECF Doc. #33 ¶¶ 33-42).

11.     Further, Defendant/Cross Claimant Pizzarotti LLC entered into a contract with Defendant Atlantic to provide for the work Defendant Atlantic would complete in connection with the Jardim project.  This contract contained an indemnification clause that "[Defendant Atlantic] shall defend, indemnify, and hold harmless [Pizzarotti LLC and all respective officers, directors, and employees of Pizzarotti], arising out of or resulting from [Defendant Atlantic's] breach of this Agreement or a negligent act or omission in the rendering of the Services by [Defendant Atlantic]." (ECF Doc. #33 ¶ 44)  Pursuant to the contract, Defendant Atlantic had a duty to Defendants/Cross Claimants to provide an indemnification "against all claims, liabilities, damages, fines, penalties, and costs of any nature (including reasonable attorneys' fees), arising out of or resulting from

[Defendant Atlantic's] breach of this Agreement or a negligent act or omission in the rendering of the Services by [Defendant Atlantic]."  (ECF Doc. #33 ¶ 46).

12.    It is clear that the indemnification provision of the contract between Pizzarotti LLC and Defendant Atlantic is broad enough to be encompassed by the present action by Plaintiffs.  *See Gibbs-Alfano v. Burton*, 281 F.3d 12, 19 (2d Cir. 2002) (citing *Weissman v. Sinorm Deli, Inc.*, 88 N.Y.2d 437, 446 (1996)) ("It is axiomatic that an indemnity contract is interpreted to effectuate the intention of the parties as expressed in the unequivocal language of the contract.").

13.    Therefore, Defendants have stated claims and established an entitlement to relief as to these claims for indemnification and contribution under common law and contractual theories of indemnification.  *See Amguard Ins. Co. v. Getty Realty Corp.*, 147 F. Supp. 3d 212, 220 (S.D.N.Y. 2015) (quoting *Facilities Dev. Corp. v. Miletta*, 584 N.Y.S.2d 491, 495 (3d Dep't 1992)) ("Under New York law, common law (or implied) indemnity 'is a restitution concept which results in a shifting of the loss because to fail to do so would result in the unjust enrichment of one part at the expense of the other.'")(additional internal citations omitted).  As established above, Defendants/Cross Claimants had no knowledge or control over Defendant Atlantic's employees, including but not limited to, Plaintiffs.  It would violate principles of fairness and equity for Defendants/Cross Claimants to bear liability where such damages were caused directly by the negligence and breaches of statutory and contractual duties by Defendants.

14.    The indemnification provision of the applicable contract provides further proof of the parties' intent that Defendant Atlantic would indemnify Defendants/Cross Claimants for any claims or damages "arising out of or resulting from" Defendant Atlantic's breaches or negligence. (ECF Doc. #33 ¶ 46); *see Turner Const. Co. v. Kemper Ins. Co.*, 198 F. App'x 28, 30 (2d Cir. 2006) (quoting *Maroney v. N.Y. Cent. Mut. Fire Ins. Co.*, 5 N.Y.3d 467, 472 (2005)) ("[T]he phrase

4

'arising out of' is 'ordinarily understood to mean originating from, incident to, or having connection with.'").

15.     Moreover, neither Defendant Atlantic nor Defendant Acevedo have raised any defense with respect to the indemnification and contribution claims asserted against them.

**Procedural History and Service of the Cross Claims**

16.     Plaintiffs commenced the above-captioned action by filing their Complaint on April 19, 2019.  (ECF Doc. #1).

17.     On July 12, 2019, Defendants/Cross Claimants filed an Answer with Cross Claims against Defendants.  (ECF Doc. #24).

18.     Defendant Atlantic Contracting of Yonkers, Inc. ("Defendant Atlantic") was served the Answer with Cross Claims on July 22, 2019.  (ECF Doc. # 29).  The Answer with Cross Claims was served via personal service upon the New York Secretary of State by a process server personally delivering and leaving the Answer with Cross Claims with an authorized person in the Corporate Division of the Department of State.  This is a proper method for service upon a domestic corporation in the State of New York pursuant to Federal Rule of Civil Procedure 4 and New York Business Corporation Law Section 306.

19.     Defendant Joel Acevedo ("Defendant Acevedo") was served the Answer with Cross Claims on July 27, 2019.  (ECF Doc. # 32).  The Answer with Cross Claims was served by affixing a copy of the Answer with Cross Claims to the door of Defendant Acevedo's residence and sending a copy of the Answer with Cross Claims to Defendant Acevedo's residence, after making four attempts to personally serve the Answer with Cross Claims upon Defendant Acevedo at his usual place of abode based on his last known address.  This is a proper method for service

upon an individual pursuant to Federal Rule of Civil Procedure 4 and New York Civil Practice Law and Rules Section 308.

20.    Neither Defendant Atlantic nor Defendant Acevedo answered or otherwise responded to the Cross Claims or Plaintiffs' Complaint in the above-captioned action.  Plaintiffs filed a motion seeking a Certificate of Default for each of them, and on June 17, 2019, the Clerk of Court issued Certificates of Default for each of Defendant Atlantic and Defendant Acevedo. (ECF Doc. #22, #23).

21.    On July 30, 2019, Plaintiffs filed an Amended Complaint.  (ECF Doc. #30).

22.    On August 6, 2019, Defendants/Cross Claimants filed an Answer to Amended Complaint with Cross Claims against Defendants.  A true and correct copy of the Answer to Amended Complaint with Cross Claims is attached hereto as Exhibit D.

23.    Defendant Atlantic was served the Answer to Amended Complaint with Cross Claims on August 7, 2019.  (ECF Doc. # 34).  The Answer to Amended Complaint with Cross Claims was served via personal service upon the New York Secretary of State by a process server personally delivering and leaving the Answer to Amended Complaint with Cross Claims with an authorized person in the Corporate Division of the Department of State.  This is a proper method for service upon a domestic corporation in the State of New York pursuant to Federal Rule of Civil Procedure 4 and New York Business Corporation Law Section 306.

24.    Proof of service was filed with the Court on August 14, 2019.  (ECF Doc. #34).  An affidavit setting forth the circumstances of this service is attached hereto as Exhibit E.

25.    Defendant Acevedo was served the Answer to Amended Complaint on August 13, 2019.  (ECF Doc. #62).  The Answer to Amended Complaint with Cross Claims was served by affixing a copy of the Answer to Amended Complaint with Cross Claims to the door of Defendant

Acevedo's residence and sending a copy of the Answer to Amended Complaint with Cross Claims to Defendant Acevedo's residence, after making three attempts to personally serve the Answer to Amended Complaint with Cross Claims upon Defendant Acevedo at his usual place of abode based on his last known address.  This is a proper method for service upon an individual pursuant to Federal Rule of Civil Procedure 4 and New York Civil Practice Law and Rules Section 308.

26.     Proof of service was filed with the Court on May 5, 2020.  (ECF Doc. #62).  An affidavit setting forth the circumstance of this service is attached hereto as Exhibit F.

27.     Defendants have failed to plead or otherwise defend or participate in this action. Defendants' failure to plead or otherwise defend this action is the basis for entering a default judgment.

28.     There has been no other relevant procedural history involving Defendants/Cross Claimants and Defendants beyond service of the Answer with Cross Claims and Answer to Amended Complaint with Cross Claims.

29.     On May 14, 2020, upon request by Defendants/Cross Claimants, the Clerk of this Court issued Certificates of Default with respect to Defendant Atlantic and Defendant Acevedo. *See* Ex. C.

30.     Defendants/Cross Claimants seek a default judgment only as to liability against Defendants and not presently an assessment of damages.

31.     This Motion for Default Judgment is only being made pursuant to the Cross Claims asserted by Defendants/Cross Claimants against Defendants, therefore it would be proper for this Court to enter default judgment against Defendant Atlantic and Defendant Acevedo, as the responding parties to the Cross Claims, and not as to the remaining defendants in this action.

32.     Neither Defendant Atlantic nor Defendant Acevedo is an infant or incompetent. *See* (ECF Doc. #34, #35, #36, #62).

**WHEREFORE**, the declarant respectfully requests that the Court enter final judgment by default against Defendants Atlantic Contracting of Yonkers, Inc. and Joel Acevedo with respect to the Cross Claims asserted by Defendants/Cross Claimants Pizzarotti LLC, Ignazio Campoccia and Giacomo Di'Nola for indemnification and contribution.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  July 2, 2020

                                                  /s Jennifer Queliz

                                                  Jennifer A. Queliz