```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ANDY GIL, ET AL.,

             Plaintiffs,

        v.                              19 CV 3497 (MKV)
                                    Remote Telephone Conference

PIZZAROTTI, LLC, ET AL.,

             Defendants.

------------------------------x
                                        New York, N.Y.
                                        September 15, 2020
                                        1:33 p.m.
Before:

                    HON. MARY KAY VYSKOCIL,

                                        District Judge

                         APPEARANCES

HARRISSON, HARRISON & ASSOCIATES, LTD
     Attorneys for Plaintiffs
BY:  DAVID HARRISON
     JULIE SALWEN

COZEN O'CONNOR
     Attorneys for Defendants Pizzarotti, LLC, Ignazio
Campoccia and Giacomo Di'Nola
BY:  JOHN S. HO
     JENNIFER A. QUELIZ
```

1       (The Court and all parties appearing telephonically)
2       THE COURT:  Good afternoon.  This is Judge Vyskocil.
3  Ms. Dempsey, call the case, please.
4       THE DEPUTY CLERK:  Your Honor, we're here in the
5  matter of 19 Civil 3497, Gil, et al. v Pizzarotti, LLC, et al.
6       Counsel, starting with plaintiff, please state your
7  name for the record.
8       MS. SALWEN:  Julie Salwen from Harrisson, Harrison &
9  Associates for plaintiffs.
10      MR. HARRISON:  David Harrison also with Julie for
11 plaintiffs.
12      THE COURT:  All right.  Thank you, Mr. Harrison.  Good
13 afternoon, Ms. Salwen.
14      MS. SALWEN:  Good afternoon.
15      MR. HO:  John Ho, Cozen O'Connor, for defendants
16 Pizzarotti LLC, Ignazio Campoccia and Giacomo Di'Nola.
17      THE COURT:  Do you have anyone on the line with you,
18 sir?
19      MS. QUELIZ:  Yes, your Honor.
20      THE COURT:  Go ahead.
21      MS. QUELIZ:  This is -- good afternoon, your Honor.
22 This is Jennifer Queliz also from Cozen O'Connor for
23 Pizzarotti, LLC, Ignazio Campoccia and Giacomo Di'Nola.
24      THE COURT:  I'm sorry.  Can you rattle off your list
25 of clients again for me.

|     |     |
| --- | --- |
| 1   | MS. QUELIZ:  Sure.  It's Pizzarotti, LLC. |
| 2   | THE COURT:  Right. |
| 3   | MS. QUELIZ:  Ignazio Campoccia. |
| 4   | THE COURT:  Yes. |
| 5   | MS. QUELIZ:  And Giacomo Di'Nola. |
| 6   | THE COURT:  OK.  Thank you. |
| 7   | All right.  So good afternoon, everyone. |
| 8   | And I believe we have a court reporter with us today, |
| 9   | Ms. Gorlaski; is that correct? |
| 10  | (Court reporter responds affirmatively) |
| 11  | THE COURT:  Good afternoon, Ms. Gorlaski, and thank |
| 12  | you for being here. |
| 13  | So, needless to say, everyone, we're still in the |
| 14  | midst of the COVID-19 pandemic and we're, therefore, conducting |
| 15  | this hearing on a motion for default judgment telephonically. |
| 16  | I hope everyone has been healthy and safe and I appreciate your |
| 17  | dialing in to the phone line. |
| 18  | I should note for the record that we did post notice |
| 19  | of this hearing on ECF, along with the dial-in information, so |
| 20  | that the hearing is open to the press and the public as if we |
| 21  | were all together in the courtroom. |
| 22  | I would remind you that you are prohibited from |
| 23  | recording or rebroadcasting any portion of today's hearing just |
| 24  | as you are with any court proceeding. |
| 25  | The conference today is being transcribed by our court |

K9F9GILC

1   reporter, Ms. Gorlaski.  I would ask that you please, if you
2   are not speaking, mute your phone line to cut down on
3   background noise.  Before you speak and each time that you
4   speak, please identify yourself for the record in order that
5   the transcript of today's proceeding will be accurate and
6   attribute statements to the correct party.
7           As I say, we're here today for a -- in connection with
8   motions for entry of a default judgment made by the plaintiffs
9   and by the defendant/cross-plaintiffs, Pizzarotti, Ignazio
10  Campoccia and Giacomo Di'Nola against Mr. Acevedo and Atlantic
11  Contracting Company.
12          So, this is an FLSA case.  As I understand it, the
13  motions for summary judgment are only on the issue of
14  liability, not with respect to damages.
15          Who wishes to be heard?
16          (No response)
17          THE COURT:  Somebody needs to speak on behalf of the
18  movant to make a record.
19          MR. HARRISON:  I think Julie was going to -- I don't
20  have -- we're in a mediation.  I don't have the file in front
21  of me.
22          But, Julie, are you going to --
23          MS. SALWEN:  I apologize.  But were we speaking now on
24  the issue of the default judgment or the issue for summary
25  judgment?

|   |   |
|---|---|
| 1 | THE COURT: Default judgment. That's what the hearing |
| 2 | is for today. |
| 3 | MS. SALWEN: OK. I apologize. |
| 4 | OK. So, we are -- we did move for default judgment |
| 5 | against Atlantic Contracting of Yonkers and also against Joel |
| 6 | Acevedo. And we had served them with an original complaint and |
| 7 | in addition we had served them with an amended complaint. We |
| 8 | served them with the notice of our motion for default judgment. |
| 9 | And they have not appeared in any way. They have not answered |
| 10 | the complaints. They are not in this hearing. We served them |
| 11 | with information about this hearing and how they could call in. |
| 12 | And so we're moving for the default judgment. |
| 13 | THE COURT: All right. I mean the Court has carefully |
| 14 | reviewed all of the papers that were filed in connection with |
| 15 | the motion by the plaintiffs for default judgment. There is in |
| 16 | the record certificates of default that were issued by the |
| 17 | clerk's office, correct? |
| 18 | MS. SALWEN: Correct. |
| 19 | THE COURT: All right. And there is proof of service |
| 20 | of the complaint and the amended complaint as well as the order |
| 21 | to show cause that the Court issued after reviewing the moving |
| 22 | papers. That order to show cause and the actual moving papers |
| 23 | were all served on the two defaulting defendants. |
| 24 | MS. SALWEN: That is also correct -- I'm sorry, your |
| 25 | Honor. |

1      THE COURT:  And you are moving only with respect to
2  liability, correct?
3      MS. SALWEN:  That is correct.
4      THE COURT:  And how about the
5  defendant/cross-plaintiffs?  Who wishes to be heard?
6      MR. HO:  Jen, could you talk about the service issues.
7      MS. QUELIZ:  Sure.  Good afternoon.
8      So we also filed our motion for default judgment on
9  July 2 just as to liability and not as to damages, seeking
10 indemnification and contribution against defendant Atlantic and
11 defendant Acevedo.  They were served with the amended
12 complaint, our -- they were served, I'm sorry, your Honor.
13 They were served with the answer to our amended complaint --
14 the amended complaint and cross-claims against -- against
15 Pizzarotti and our defendants.  They were also served with the
16 original -- OK.  So they were served with the amended complaint
17 with our cross-claims on it.  They also have received the
18 original complaint with our cross-claims on it.  All of that
19 service took place in accordance with Federal Rules of Civil
20 Procedure 4 and the New York civil practice law and rules and
21 at no time did they answer or otherwise respond to our
22 cross-claims that they were served with.
23     THE COURT:  OK.  And there are certificates of
24 default?
25     Did we just lose counsel?

K9F9GILC

1                MR. HO:  Yes, your Honor.
2                THE COURT:  I'm sorry?
3                MR. HO:  Jen, are you still there?
4                THE COURT:  I heard somebody get dropped.  Why don't
5     we just give her a minute to dial back.
6                MR. HO:  Thank you, your Honor.
7                THE COURT:  Just for the record too, let me just note
8     that there are certificates of default at 22 and 23 on the
9     docket; with respect to Mr. Acevedo at 22, Atlantic Contracting
10    at 23.  But those are the certificates of default relating to
11    the plaintiffs' claims.
12               OK.  Certificates of default with respect to the
13    cross-claims are at 60 and 61.
14               No.  That looks like it's the amended complaint.  I'm
15    just still scrolling through the docket.
16               MR. HARRISON:  There were two sets of certificates of
17    default for plaintiffs, the original and then the amended
18    complaint.
19               THE COURT:  Yes.  That's what I just said, 22 and 23
20    and then 60 and 61.  So I'm looking for the certificates of
21    default on the cross-claims.
22               MS. QUELIZ:  Your Honor, this is Jennifer Queliz.  I'm
23    sorry.  I got booted off there for a second.  I'm so sorry.
24               THE COURT:  That happens.
25               MS. QUELIZ:  That was my worst nightmare.

1    You're looking for the docket entries for the
2    certificates of default?
3            THE COURT:  Yes.  67 and 68, right?
4            MR. HO:  Yes.  I believe that's true.  Yes, ma'am.
5            THE COURT:  With respect to liability only, correct?
6            MR. HO:  Yes, your Honor.
7            THE COURT:  So the Court has reviewed both the papers
8    by the plaintiffs seeking defaults.  As I've noted, those
9    certificates of default are on file at 22 and 23 and then I
10   believe I said 60 and 61 for the amended complaint.  The proofs
11   of service for each of those pleadings and for the moving
12   papers and the order to show cause have all been filed on the
13   docket.
14           With respect to the cross-claims, those certificates
15   of default -- well, certificate of service of the answer is on
16   file at 62 and 34.  And the defaults are on file at 67 and 68.
17           So the Court does find that service of the papers has
18   been properly made with respect to the motion by the
19   defendant/cross-plaintiffs plaintiffs' certificate -- service
20   of the order to show cause and the moving papers is reflected
21   at ECF 85.
22           The motion appears to be in order with respect to
23   liability only.  So the Court will enter an order granting a
24   default against Joel Acevedo and Atlantic Contracting Company
25   on the claims by the plaintiffs and the claims by the

1  defendant/cross-plaintiffs Pizzarotti, Ignazio Campoccia and
2  Giacomo Di'Nola for indemnity and contribution.
3             Now, what are the parties intending to do with respect
4  to damages?
5             MS. SALWEN:  Your Honor, this is Julie Salwen.  We had
6  expected that damages would be calculated based on a trial and
7  with the defendants who remain in the case after this default
8  judgment.
9             THE COURT:  So you want a trial on your main claims?
10 You don't want a separate inquest with respect to these
11 defendants, defaulting defendants?
12            MS. SALWEN:  Correct.  We feel that the amount of
13 damages is, you know, should be borne -- they're both -- I'm
14 sorry.  I apologize.  By both the defendants who are in the
15 case and the defaulting defendants are equally responsible for
16 the same damages.  These damages should be determined by trial.
17            THE COURT:  All right.  And what about the
18 defendant/cross-plaintiffs?
19            Obviously, your claims for indemnity and contribution
20 can't be quantified at this time, right?
21            MR. HO:  Correct, your Honor.
22            THE COURT:  So we'll defer damages then as well and I
23 will enter an order granting default judgment on liability.
24            All right.  Anything else?
25            MR. HO:  Not from defendants, your Honor.  Thank you.

1           MS. SALWEN:  Thank you, your Honor.  Not on behalf of
2   plaintiffs.
3           THE COURT:  All right.  So I thank our court reporter,
4   Ms. Gorlaski, and I would recommend that the parties order a
5   copy of the transcript and file it on the docket.  We will get
6   the order entered and we are adjourned.
7           Thank you, everyone.  Stay safe.
8           (Adjourned)