UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY GIL, and RAFAEL HERNANDEZ, on behalf of themselves and all other similarly situated,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>PIZZAROTTI, LLC., ATLANTIC CONTRACTING OF YONKERS, INC., JOEL ACEVEDO, IGNAZIO CAMPOCCIA, GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA, JOHN DOE CORPORATIONS 1-10, and RICHARD ROES 1-10,<br><br>  *Defendants*. | Civil Action No. 1:19-cv-03497-MKV |

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION OF THEIR NEW YORK LABOR LAW CLAIMS AS A CLASS ACTION PURSUANT TO RULE 23

---

**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
Julie Salwen, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY ........................................................................................................... 3

STATEMENT OF FACTS ............................................................................................................. 5

ARGUMENT .................................................................................................................................. 7

I.     Standard for Rule 23 Class Certification ........................................................................... 7

II.    Plaintiffs Meet All of the Rule 23 Requirements for Class Certification ............................ 9

   A.   Plaintiffs Meet All of the Rule 23(a) Requirements for Class Certification....................... 9

      1.   Numerosity – Rule 23(a)(1) ..................................................................................... 9

      2.   Commonality – Rule 23(a)(2) ................................................................................. 10

      3.   Typicality – Rule 23(a)(3) ...................................................................................... 13

      4.   Adequacy – Rule 23(a)(4) ...................................................................................... 13

      5.   Implied Requirement of Ascertainability................................................................. 14

   B.   Plaintiffs Meet All of the Requirements for Certification Under Rule 23(b)(3) ............. 15

      1.   Predominance........................................................................................................... 16

      2.   Superiority ............................................................................................................... 18

III.   Plaintiffs' Counsel Should be Appointed as Class Counsel .................................................. 19

IV     Notice to the Class .............................................................................................................. 19

V      The Court Should Certify a FLSA Collective....................................................................... 21

CONCLUSION............................................................................................................................. 22

i

## TABLE OF AUTHORITIES

CASES                                                                          Page(s)

*Atakhanova v. Home Family Care, Inc.*,
   16-CV-6707 (KAM)(RML), 2020 WL 4207437 (E.D.N.Y. July 22, 2020) .............   7, 10, 17

*B & R Supermarket, Inc. v. Mastercard International Inc.*,
   17-CV-02738 (MKB) (JO), 2021 WL 234550 (E.D.N.Y. Jan. 19, 2021) .................   7, 15
...........................................................................................................................

*Bauer-Ramazani v. Teachers Ins. and Annuity Ass'n of America-College Retirement and
Equities Fund*, 290 F.R.D. 452, 464 (D.Ver. 2013)............................................................   20

*Beckman v. KeyBank, N.A.*,
   293 F.R.D. 467 (S.D.N.Y. 2013) ...............................................................................   13

*Comcast Corp. v. Behrend*,
   133 S.Ct. 1426 (2013)................................................................................................   17-18

*Cazares v. AVA Restaurant Corp.*,
   15-CV-0477 (KAM)(RML), 2017 WL 1229727 (E.D.N.Y. Mar. 31, 2017)   16

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473, 483 (2d Cir.1995)..................................................................................   9

*Cortigiano v. Oceanview Manor Home For Adults*,
   227 F.R.D. 194 (E.D.N.Y. 2005) ...............................................................................   7

*Damassia v. Duane Reade, Inc.*,
   250 F.R.D. 152, 163 (S.D.N.Y. 2008) .......................................................................   8

*Espinoza v. 953 Assocs. LLC*,
   280 F.R.D. 113 (S.D.N.Y. 2011) ...............................................................................   7,8,12,16,

*Flores v. Anjost Corp.*,
   284 F.R.D. 112 (S.D.N.Y. 2012) ...............................................................................   9, 13

*Fonseca v. Dircksen & Talleyrand Inc.*,
   No. 13 Civ. 5124 (AT), 2015 WL 5813382 (S.D.N.Y. Sept. 28, 2015)   16

*Genesis Healthcare Corp. v. Symczyk*,
   569 U.S. 66, (2013)....................................................................................................   21

*Glatt v. Fox Searchlight Pictures, Inc.*,
   811 F.3d 528 (2d Cir. 2016).......................................................................................   21

*Gomez v. Lace Entertainment, Inc.*,
   No. 15 Civ. 3326 (CM), 2017 WL 129130 (S.D.N.Y. Jan. 6, 2017)........................   10

*Gonzalez v. Nicholas Zito Racing Stable Inc.*,
No. 04 Civ. 22 (SLT)(AKT), 2008 WL 941643 (Mar. 31, 2008)................................. 11

*Gortat v. Capala Bros., Inc.*,
257 F.R.D. 353 (E.D.N.Y. 2009) .................................................................................... 7

*Guan Ming Lin v. Benihana N.Y. Corp.*,
No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734 (S.D.N.Y. Oct. 23, 2012)............. 10,11,12,16

*In re Initial Pub. Offerings Sec. Litig.*,
471 F.3d 24 (2d Cir. 2006)............................................................................................. 9

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*,
330 F.R.D. 11 (E.D.N.Y. 2019)..................................................................................... 17

*In re Petrobras Securities*,
862 F.3d 250 (2d Cir. 2017)........................................................................................... 15

*In re U.S. Foodservice Inc. Pricing Litig.*,
729 F.3d 108 (2d Cir.2013)............................................................................................ 16

*Kloppel v. HomeDeliveryLink, Inc.*,
Case No. 17-CV-6296 (FPG), 2020 WL 2897014 (W.D.N.Y. June 3, 2020)............. 12

*LoCurto v. AT&T Mobility Services LLC*,
13 Civ. 4303 (AT)(KNF), 2018 WL 4519201 (S.D.N.Y. Sept. 20, 2018) ................. 8

*Marisol A. v. Giuliani*,
126 F.3d 372 (2d Cir.1997)............................................................................................ 13

*Mendez v. MCSS Rest. Corp.*,
16-CV-2746 (NGG)(RLM), 2019 WL 2504613 (E.D.N.Y. June 17, 2019) .............. 8

*Moreira v. Sherwood Landscaping Inc.*,
No. 13 Civ. 2640 (AKT), 2015 WL 1527731 (E.D.N.Y. Mar. 31, 2015) ................. 7, 8, 10

*Morris v. Alle Processing Corp.*,
No. 08 Civ. 4874 (JMA), 2013 WL 1880919 (E.D.N.Y. May 6, 2013).................... 8

*Murphy v. LaJaunie*,
No. 13 Civ. 6503 (RJS), 2015 WL 4528140 (S.D.N.Y. July 24, 2015) .................... 13, 16

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir.2010)............................................................................................ 8, 9, 18

*Orellana v. One If By Land Restaurant LLC*,
18-CV-7865 (VSB), 2020 WL 5768433 (S.D.N.Y. Sept. 27, 2020)......................... 18

*Roach v. T.L. Cannon Corp.*,
778 F.3d 401 (2d Cir. 2015)........................................................................................... 16, 17-18

*Robidoux v. Celani*,
987 F.2d 931 (2d Cir. 1993)........................................................................................... 13

*Schear v. Food Scope Am., Inc.*,
   297 F.R.D. 114, 126 (S.D.N.Y. 2014) ........................................................ 18

*Scott v. Chipotle Mexican Grill, Inc.*,
   954 F.3d 502, 515 (2d Cir. 2020).............................................................. 21-22

*Sewell v. Bovis Lend Lease, Inc.*,
   No. 09 Civ. 6548 (RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012)................... 15,16,18,19

*Solis v OrthoNet LLC*,
   19-CV-4678 (VSB), 2021 WL 1904984 (S.D.N.Y. May 11, 2021).......................... 9

*Spencer v. No Parking Today, Inc.*,
   No. 12 Civ. 6323 (ALC)(AJP), 2013 WL 1040052 (S.D.N.Y. Mar. 15, 2013) ......... 8, 11

*Spicer v. Pier Sixty LLC*,
   269 F.R.D. 321 (S.D.N.Y. 2010) ........................................................ 13, 14

*Sykes v. Mel Harris and Associates*,
   LLC, 285 F.R.D. 279, 286 (S.D.N.Y. 2012)............................................... 10

*Trinidad v. Pret a Manger (USA) Ltd.*,
   No. 12 Civ. 6094 (PAE), 2014 WL 4670870 (S.D.N.Y. Sept. 19, 2014)................... 3

*Vargas v. Howard*,
   324 F.R.D. 319 ........................................................................... 8

*Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*,
   No. 14 Civ. 2636 (LAK)(FM), 2015 WL 4922961 (S.D.N.Y. June 18, 2015) .......... 8,10,14, 15

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011).................................................................... 10, 12

*Zhang v. Ichiban Group*,
   LLC, 17-CV-148 (MAD)(TWD), 2021 WL 3030052 (N.D.N.Y. May 21, 2021) .......... 10

## STATUTES & REGULATIONS

29 U.S.C. § 216(b) ................................................................. 1, 21

Fed. R. Civ. P. 23 ................................................................. *passim*

N.Y. Lab. L. § 195(1) ............................................................. *passim*

N.Y. Lab. L. § 195(3) ............................................................. *passim*

Plaintiffs Andy Gil and Rafael Hernandez, together with thirty-nine opt-in plaintiffs (collectively "Plaintiffs") submit this memorandum of law in support of their motion to certify their New York Labor Law ("NYLL") claims as a class action pursuant to Fed. R. Civ. P. Rule 23. and to certify their claims under the Fair Labor Standards Act ("FLSA") as a collective pursuant to section 216(b) of the FLSA.[1]

## PRELIMINARY STATEMENT

Named Plaintiffs Andy Gil and Rafael Hernandez seek to represent a class consisting of all individuals paid by Atlantic Contracting of Yonkers, Inc. ("Atlantic") to perform construction work at Pizzarotti, LLC's ("Pizzarotti)" Jardim Project, located at 527 West 27th Street in Manhattan, during any part of the period March, 2018 through March, 2019 (the "Class Period"), excluding any immediate family member of the individual defendants (Joel Acevedo, Ignazio Campoccia, Giacomo Di'nola).

---

[1] In support of their motion, Plaintiffs submit the Declaration of Juan Carlos Juarez, ECF No. 96 ("Juarez Decl."); the Declaration of Misael Portillo, ECF No. 97 ("Portillo Decl."); the Declaration of Monico Familia, ECF No. 98 ("Familia Decl."); the Declaration of Nelson Sarabia, ECF No. 99 ("Sarabia Decl."); the Declaration of Darwin Aguirre, ECF No. 107 ("Aguirre Decl."); the Declaration of David Harrison, ECF No. 136 ("Harrison Decl."); Exhibit A to the Harrison Declaration, Proposed Notice of this Class Action; Exhibit B to the Harrison Declaration, Proposed Facebook Advertisement and Text Message; Exhibit C to Declaration of David Harrison, Copy of the Invoice Submitted to Defendant Pizzarotti, LLC for the week of 9/17-9/22/2018 ("Invoice for the period from 9/17/18 – 9/22/18"); Exhibit D to the Declaration of David Harrison, Copy of Timesheets for the Week of 9/17/2019 through 9/22/2018 ("Timesheets for the period from 9/17/18 – 9/22/18"); Exhibit E to the Declaration of David Harrison, Selected pages of the Transcript of the December 18, 2019 Deposition of Defendant Ignazio Campoccia ("Campoccia Tr."); Exhibit G to the Declaration of David Harrison, Selected Pages of the Transcript of the January 9, 2020 Deposition of Plaintiff Andy Gil ("Gil Tr."); Exhibit F to the Declaration of David Harrison, Selected Pages of the Transcript of the January 29, 2020 Deposition of Plaintiff Rafael Hernandez ("Hernandez Tr.");   Exhibit H to the Declaration of David Harrison, Selected Pages of the Transcript of the January 9, 2020 Deposition of Plaintiff Caesar Colchao ("Colchao Tr."); Exhibit I to the Declaration of David Harrison, Selected Pages of the Transcript of the February 20, 2020 Deposition of Plaintiff Hector Miranda ("Miranda Tr.").

Plaintiffs and the members of the proposed class ("class members") are all hourly construction workers who worked long hours for Defendants—many averaging sixty-eight hours a week. Despite requiring Plaintiffs and the class members to work substantial overtime, it is undisputed that Defendants never paid Plaintiffs and the class members the overtime premiums that they were owed under the FLSA and the NYLL. Furthermore—in violation of the NYLL— it is also undisputed that Defendants never provided Plaintiffs and the class members with written notices of their wage rates as required by section 195(1) of the NYLL and did not provide Plaintiffs with <u>any</u> wage statements, much less wage statements showing how their pay was calculated, as required by section 195(3) of the NYLL.

This case is particularly well suited for certification as a class action because Plaintiffs and the potential class members were all victims of Defendants' common pay practices that illegally deprived them of the overtime compensation that they had earned. Moreover, answers to common questions will resolve issues of liability for each defendant with regard to each class member. In particular, determination of whether the class members were employees of Defendants Pizzarotti, LLC ("PZ"), Ignazio Campoccia, and Giacomo Di'Nola (the "PZ Defendants") and whether the PZ Defendants were their employers, as that term is defined by section 190 of the NYLL, will drive the resolution of the claims of all the class members, resulting judicial economy. Conversely, if each of the class members were to file his or her claims individually, not only would the courts have to consider the same facts potentially hundreds of times, there is a real risk that similarly situated individuals would receive inconsistent and contradictory judgments, resulting in a waste of judicial resources and the perception that courts had been unfair to particular individuals.

The NYLL is a remedial statute and public policy favors private lawsuits to enforce its terms.  *See Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) ("The FLSA and NYLL are remedial statutes designed to protect employees from unfair labor practices.  Plaintiffs' counsel's role as private attorneys general is key to the effective enforcement of these statutes.")  Because the amounts owed to each class member are small compared to the costs of litigation, much of the damages that the class members suffered are likely to go unremedied unless their claims can be brought as a class action.  Certification of this action as a class action will enable each potential class member to be compensated for Defendants' violations of the NYLL.

## PROCEDURAL HISTORY

Named Plaintiffs Andy Gil and Rafael Hernandez are two construction workers who were hired by Atlantic Contracting of Yonkers, Inc. ("Atlantic") to work on PZ's Jardim project in March and April (respectively) of 2018.  (Gil Tr. 27:14-18, 57:2-9; Hernandez Tr. 26:17-27:6.)  On April 19, 2019, they filed this class and collective action in the Southern District of New York on behalf of themselves and all others similarly situated.  (ECF No. 1.)  Plaintiffs Gil and Hernandez brought their claims against both the subcontractor that hired and paid them and the class members—Atlantic and its owner Joel Acevedo (the "Atlantic Defendants")—and the contractor that directed their and the class members' work and work schedules and had and exercised the power to fire them and the class members—the PZ Defendants, Pizzarotti, LLC, Ignazio Campoccia, and Giacomo Di'Nola.  (*Id.*)

In their complaint, Plaintiffs brought claims that they and their similarly situated co-workers had not been paid overtime premiums in violation of the FLSA and the NYLL.  (ECF No. 1.)  They also brought claims under the NYLL for Defendants' failure to pay for all hours

worked and their failure to provide wage notices and wage statements as required by section 1951(1) and (3) of the NYLL.  (*Id.*)  After Plaintiffs Gil and Hernandez filed this case, thirty-nine co-workers chose to join the litigation and filed consents to litigate their claims pursuant to the FLSA with the court.  (ECF Nos. 37, 38, 41, 42, 43, 46, 47, 48, 49, 51, 52, 104, 118, 122, 127, 129, 132.)

The PZ Defendants answered the complaint and filed cross claims against the Atlantic Defendants on July 12, 2019.  (ECF No. 24.)  Two weeks later, Plaintiffs amended the complaint (without adding any claims or defendants) to more clearly specify their allegations that the PZ Defendants were their employers.  (ECF No. 30.)  The PZ Defendants filed their answer to the amended complaint, along with the cross claims against the Atlantic Defendants, on August 6, 2019.  (ECF No. 33.)

Unlike the PZ Defendants, the Atlantic Defendants defaulted and never appeared in this matter.  Both Plaintiffs and the PZ Defendants moved for default judgment as to liability against the Atlantic Defendants.  (ECF Nos. 79-84.)  On September 15, 2020, the Court held a hearing (by telephone) on both default motions at which the Atlantic Defendants did not appear.  (ECF Nos. 114, 115.)  The same day the Court granted both Plaintiffs' and the PZ Defendants' motions for default judgment as to liability.  (*Id.*)  With regard to damages, the Court ruled that "[a]ssessment of damages is premature and must await trial of Plaintiffs' claims against the remaining Defendants." (*Id.*)

The PZ Defendants deny that they were the employers of Plaintiffs and the class members.  On July 16, 2020, the PZ Defendants filed a motion for summary judgment requesting that the Court dismiss all claims against the PZ Defendants on the basis that they were not Plaintiffs' employers.  (ECF Nos. 86-90.)  This Court denied summary judgment on March 29,

2021, finding that the PZ Defendants had failed to meet their burden to show that they exercised neither formal control nor functional control over Plaintiffs.  (ECF No. 119, at 26, 27.)

After this Court denied summary judgment, the parties attempted to resolve this matter through a settlement conference with Magistrate Judge Sarah Netburn, which was held on June 28, 2021.  The attempt to settle was unsuccessful.  Plaintiffs are now moving for certification of a class consisting of all individuals paid by Atlantic Contracting of Yonkers, Inc. ("Atlantic") to perform construction work at Pizzarotti's Jardim Project, located at 527 West 27th Street in Manhattan, during any part of the period March, 2018 through March, 2019 (the "Class Period"), excluding any immediate family member of the individual defendants (Joel Acevedo, Ignazio Campoccia, Giacomo Di'nola).

### STATEMENT OF FACTS

Plaintiffs and the class members are all hourly construction workers who were paid by Atlantic to work on the PZ Jardim Project located at 527 West 27th Street, New York, NY.  In March of 2018, Atlantic construction workers began work on the PZ Jardim Project.  (Colchao Tr. 18:10-19:12 (stating that Mr. Colchao started working at the 527 site [i.e. the Jardim Project] in March of 2018); Gil Tr. 27:14-18, 57:2-9 (stating that Mr. Gil started working in March of 2018).  Work on the Jardim Project by Atlantic workers ended in March of 2019.  (Miranda Tr. 29:4-8 (stating Mr. Miranda ended his employment on the Jardim Project in March of 2019; Aguirre Decl. ¶ 6 (stating that Mr. Aguirre ended his employment on the Jardim Project in March 2019); Campoccia Tr. 23:24-24:5 (stating that Atlantic stopped working on the Jardim Project in February or March of 2019).)

Plaintiffs and the class members regularly worked between fifty (50) and seventy (70) hours each workweek.  (*See* Ex. C, Invoice for the period from 9/17/18 – 9/22/18; Aguirre Decl.

¶ 12 (stating that Mr. Aguirre worked as many as seventy to eighty hours per week).)  However, in violation of the FLSA and the NYLL—it is undisputed that Defendants never paid any of the class members overtime for the hours over forty in a workweek that they worked.  (Sarabia Decl. ¶¶ 16, 19; Familia Decl. ¶¶ 16, 22, 26; Portillo Decl. ¶¶ 19, 22; Aguirre Decl. ¶¶ 12, 29, 32; Juarez Decl. ¶¶ 16, 19.)  It is also undisputed that Defendants paid each of the class members in the same manner and never provided any of the class members with the wage statements required by section 195(3) of the NYLL.  (Sarabia Decl.  ¶¶ 18, 20; Familia Decl. ¶¶ 25, 27; Portillo Decl. ¶¶ 21, 23; Aguirre Decl. ¶¶ 29, 33; Juarez Decl. ¶¶ 17, 20.)  Furthermore, it is undisputed that Defendants never provided any of the class members with written notice of their wage rate as required by section 195(1) of the NYLL.  (Sarabia Decl.  ¶¶ 17, 20; Familia Decl. ¶¶ 24, 27; Portillo ¶¶ 21, 23; Aguirre ¶¶ 30,33; Juarez Decl. ¶¶ 18, 20.)

Defendants tracked the hours worked by each class member, including Plaintiffs, in the same manner.  Each day each class member's hours were recorded on the same timesheets.  (*See* Ex. D, Timesheets for the period from 9/17/18 – 9/22/18.)  During discovery, the PZ Defendants produced timesheets for the period from September 2018 through the middle of February 2019. These timesheets show how the hours worked by all the class members were recorded.  (Harrison Decl. ¶ 7.)

Plaintiffs estimate that the putative Class contains approximately two hundred members. Defendants' timesheets show that most weeks approximately one hundred Atlantic construction workers worked on the PZ Jardim Project, with as many as 123 workers working during a busy week.  (*See* Harrison Decl. ¶ 7, Ex. C, Invoice for the period from 9/17/18 – 9/22/18; Ex, D, Ex. D, Timesheets for the period from 9/17/18 – 9/22/18.)  Although the Class Period only contains thirteen months, there was a lot of turnover, with many class members only working during part

of the Class Period.  (Colchao Tr. 18:22-19:17 (stating that Mr. Colchao worked at the Pizzarotti

job site at 527 West 27th Street from March of 2018 until August or September of 2018); Portillo

Decl. ¶ 2 (stating that Mr. Portillo worked at Pizzarotti job site at 527 West 27th Street from June

of 2018 until November of 2018); Sarabia Decl. ¶ 2 (stating that Mr. Sarabia worked at the

Pizzarotti job site at 527 West 27th Street from October of 2018 until March of 2019).)

All of the potential Class Members worked at the same construction site, doing the same

type of work (hourly construction work), during a relatively short class period.  Because

Defendants subjected all of them to the same illegal pay practices and tracked their hours in the

same manner, class certification is appropriate in this case.

## ARGUMENT

## I.      Standard for Rule 23 Class Certification

Rule 23 provides for certification of a class where, as here, plaintiffs satisfy the four

requirements of Rule 23(a) and one of the three subsections of Rule 23(b).  *Atakhanova v. Home*

*Family Care, Inc.*, 16-CV-6707 (KAM)(RML), 2020 WL 4207437, at *2 (E.D.N.Y. July 22,

2020); *see also Moreira v. Sherwood Landscaping Inc.*, No. 13 Civ. 2640 (AKT), 2015 WL

1527731, at *4 (E.D.N.Y. Mar. 31, 2015).  Here Plaintiffs are seeking certification under Rule

23(b)(3).

This Circuit has a preference for class certification.  *B & R Supermarket, Inc. v.*

*Mastercard International Inc.*, 17-CV-02738 (MKB) (JO), 2021 WL 234550, at *9 (E.D.N.Y.

Jan. 19, 2021) ("'it seems beyond peradventure that the Second Circuit's general preference is for

granting rather than denying class certification.'") (quoting *Espinoza v. 953 Assocs. LLC*, 280

F.R.D. 113, 124 (S.D.N.Y. 2011) (quoting *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 361

(E.D.N.Y. 2009)); *Cortigiano v. Oceanview Manor Home For Adults*, 227 F.R.D. 194, 203

(E.D.N.Y. 2005) (same).  "Although the Court's analysis in the class certification context must be 'rigorous,' courts generally 'take a liberal rather than a restrictive approach in determining whether the plaintiff satisfies Rule 23's requirements and may exercise broad discretion when determining whether to certify a class.'"  *Moreira v. Sherwood Landscaping Inc.*, No. 13 Civ. 2640 (AKT), 2015 WL 1527731, at *4-5 (E.D.N.Y. Mar. 31, 2015) (collecting cases); *see also Vargas v. Howard*, 324 F.R.D. 319, 324 (S.D.N.Y. 2018) ("'The Second Circuit has emphasized that Rule 23 should be given liberal rather than restrictive construction'") (quoting *Espinoza*, 280 F.R.D., at 124).

"'[C]ourts in the Second Circuit routinely certify class action[s] in FLSA matters so that New York State and federal wage and hour claims are considered together.'"  *Mendez v. MCSS Rest. Corp.*, 16-CV-2746 (NGG)(RLM), 2019 WL 2504613, at *7 (E.D.N.Y. June 17, 2019) (alteration in original) (quoting *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 163 (S.D.N.Y. 2008)); *see also LoCurto v. AT&T Mobility Services LLC*, 13 Civ. 4303 (AT)(KNF), 2018 WL 4519201, at *11 (S.D.N.Y. Sept. 20, 2018) (same); *Morris v. Alle Processing Corp.*, No. 08 Civ. 4874 (JMA), 2013 WL 1880919, at *5 (E.D.N.Y. May 6, 2013) (same); *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*, No. 14 Civ. 2636 (LAK)(FM), 2015 WL 4922961, at *2 (S.D.N.Y. June 18, 2015) (same); *Spencer v. No Parking Today, Inc.*, No. 12 Civ. 6323 (ALC)(AJP), 2013 WL 1040052, at *11 (S.D.N.Y. Mar. 15, 2013) (same) (R&R *adopted by* 2013 WL 2473039 (S.D.N.Y. June 7, 2013)).  "The party seeking class certification bears the burden of satisfying the requirements of Rule 23 by a preponderance of the evidence."  *Moreira*, 2015 WL 1527731, at *4 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir.2010)).  Before certifying a class, the court must engage in a rigorous analysis to ensure that the requirements of Rule 23 are met.  *Vargas*, 324 F.R.D. at 324.  While the Court must resolve factual disputes

relevant to satisfying each Rule 23 requirement, "[t]he certifying court should not make any factual findings or merits determinations that are not necessary to the Rule 23 analysis, and any factual determinations made at the certification stage are not binding on a subsequent fact-finder, even the certifying court." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 122 (S.D.N.Y. 2012) (citing *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)). "In sum, the Court's task at the Rule 23 stage is not to resolve the liability question, but to decide whether the constituent issues that bear on [Defendants'] ultimate liability are *provable in common.*'" *Flores*, 284 F.R.D. at 122 (S.D.N.Y. 2012) (quoting *Myers*, 624 F.3d at 549 (2d Cir. 2010)) (emphasis in original). As set forth below, Plaintiffs and the Class Members' claims are provable in common and this case should therefore be certified pursuant to Fed. R. Civ. P. 23.

## II.   Plaintiffs Meet All of the Rule 23 Requirements for Class Certification

### A.   Plaintiffs Meet All of the Rule 23(a) Requirements for Class Certification

In order to meet their burden under Rule 23(a), Plaintiffs must show that:

(1) The class is so numerous that joinder of all members is impracticable;
(2) There are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)-(4.

### 1.    Numerosity – Rule 23(a)(1)

In the Second Circuit, numerosity under Rule 23(a)(1) is presumed where a putative class has forty or more members. *Solis v OrthoNet LLC*, 19-CV-4678 (VSB), 2021 WL 1904984, at *4 (S.D.N.Y. May 11, 2021) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) (ruling that a class with 114 members satisfies the numerosity requirement). Here,

Defendants have produced evidence that 123 members of the class worked on the construction site in a given week and Plaintiffs estimate that, that due to turnover, the class contains approximately two hundred members.  Thus the Class is more than sufficiently numerous to meet the requirements of Rule 23(a)(1).

### 2.    Commonality – Rule 23(a)(2)

Rule 23(a)(2)'s commonality requirement is met when the claims of members of the proposed class "'share a common question of law or fact,' the 'common answers' to which are 'apt to drive the resolution of the litigation.'"  *Vivaldo v. United Talmudical Academy of Kiryas Joel*, No. 14cv2636 (LAK)(FM), 2015 WL 4922961, at *3 (S.D.N.Y. June 18, 2015) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  Even a single common question of law or fact will suffice.  *Zhang v. Ichiban Group, LLC*, 17-CV-148 (MAD)(TWD), 2021 WL 3030052, at *4 (N.D.N.Y. May 21, 2021) (quoting *Sykes v. Mel Harris and Associates, LLC*, 285 F.R.D. 279, 286 (S.D.N.Y. 2012).

In the Second Circuit, "a common policy of failing to pay overtime,"—as is the situation in this case—is sufficient to meet the commonality requirement."  *Atakhanova v. Home Family Care, Inc.*, 16-CV-6707 (KAM)(RML), 2020 WL 4207437, at * (E.D.N.Y. July 22, 2020) ("The weight of case law in the Second Circuit, however, has held that a common policy of failing to pay overtime is sufficient to meet the commonality requirement.") (citing *Moreira v. Sherwood Landscaping Inc*, No. 13 Civ. 2640 (AKT), 2015 WL 1527731, at *12 n.7 (E.D.N.Y. Mar. 31, 2015)); *see also Gomez v. Lace Entertainment, Inc.*, No. 15 Civ. 3326 (CM), 2017 WL 129130, at *7 (S.D.N.Y. Jan. 6, 2017) ("Courts in this district have instead focused on whether the employer had company-wide wage policies that injured the proposed class."); *Guan Ming Lin v. Benihana N.Y. Corp.*, No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734, at *5 (S.D.N.Y. Oct. 23,

2012) ("[C]laims by workers that their employers have unlawfully denied them wages to which they were legally entitled have repeatedly been held to meet the commonality prerequisite for class certification.") (quotations omitted) (R&R *adopted by* 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)).  Furthermore, where as in this case, the plaintiffs allege that they did not receive wage notices and wage statements, "[C]ourts have consistently held "that the potential class meets the Rule 23 commonality requirement.  *Id.*, at *5 ("Courts consistently have held that a potential class alleging a wage notice claim meets the commonality requirement.") (collecting cases).

Rule 23 does not require that class members have no differences in their claims or factual circumstances.  "[O]nce a common question is identified, 'differences among the questions raised by individual members [of the class] will not defeat commonality.'"  *Spencer v. No Parking Today, Inc.*, No. 12 Civ. 6323 (ALC)(AJP), 2013 WL 1040052, at *16 (S.D.N.Y. Mar. 15, 2013) (quoting *Gonzalez v. Nicholas Zito Racing Stable Inc.*, No. 04 Civ. 22 (SLT)(AKT), 2008 WL 941643, at *5 (Mar. 31, 2008) (finding commonality where the class consisted of "both grooms and hot walkers, and each group has different responsibilities, works different hours, and receives different pay" because "all of the proposed class members would rely on the same allegedly wrongful conduct of the Defendants and muster the same legal arguments in support of their claims"));

Here, the claims of Plaintiffs and the Class Members arise from a set of common wrongs, namely that Defendants followed a standard policy, which it applied to all Atlantic construction workers, of (1) not paying overtime for hours worked in excess of forty in a workweek; (2) of not providing Atlantic construction workers with written notices showing their pay rate as required by section 195(1) of the NYLL; and (3) of not providing Atlantic construction workers

11

with wage statements that showed how their pay was calculated as required by section 195(3) of the NYLL.

Questions of law and fact common to all members of the Class include:

1) Whether Defendants violated the NYLL by failing to pay Atlantic construction workers an overtime premium for hours worked in excess of forty in a workweek;

2) Whether Defendants violated the NYLL by failing to provide Atlantic construction workers with written wage notice at the time that they were hired;

3) Whether Defendants violated the NYLL by failing to provide Atlantic construction workers with wage statements;

4) Whether, the PZ Defendants were the Atlantic construction workers employers and thus, together with the Atlantic Defendants, jointly and severally liable for the above violations of the NYLL.

The answers to each of these common questions "will resolve an issue that is central to the validity of each one of the claims [of Plaintiffs and the Class Members] in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).  In particular, determination of whether the PZ Defendants are the employers of the class and thus jointly and severally liable, along with the Atlantic Defendants, for the violations of the NYLL "will resolve an issue that is central to the validity of each one of the claims [of Plaintiffs and the Class Members] in one stroke" and efficiently move the litigation forward. *See Kloppel v. HomeDeliveryLink, Inc.*, Case No. 17-CV-6296 (FPG), 2020 WL 2897014, at *8 (W.D.N.Y. June 3, 2020) ("What is important for purposes of class certification is that the legal issue can be resolved across the entire class.").

"[C]laims by workers that their employers have unlawfully denied them wages to which they were legally entitled have repeatedly been held to meet the commonality prerequisite for class certification." *Guan Ming Lin v. Benihana N.Y. Corp.*, No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734, at *5 (S.D.N.Y. Oct. 23, 2012 (quoting *Espinoza v. 953 Associates LLC*, 280

F.R.D. 113 (S.D.N.Y. 2011) (R&R *adopted by* 2013 WL 829098 (S.D.N.Y. Feb. 27, 2013)). *Flores v. Anjost Corp.*, 284 F.R.D. 112, 125 (S.D.N.Y. 2012) (same).  Here Plaintiffs and the members of the Class share a common injury caused by Defendant's uniform policy of not paying Atlantic construction workers an overtime premium for hours worked in excess of forty in a workweek.

### 3.        Typicality – Rule 23(a)(3)

"The typicality requirement is usually met when 'the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, . . . irrespective of minor variations in the fact patterns underlying individual claims.'" *Murphy v. LaJaunie*, No. 13 Civ. 6503 (RJS), 2015 WL 4528140, at *5 (S.D.N.Y. July 24, 2015) (citing *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993)).   "A plaintiff's claims are typical of the class members' claims where the plaintiff's and the class members' 'injuries derive from a unitary course of conduct by a single system.'"   *Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y. 2010) (citing *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir.1997)).   Here Plaintiffs meet the typicality requirement of Rule 23(a)(3) because their "claims arose from the same factual and legal circumstances that form the bases of the class members' claims."   *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013).   The named Plaintiffs worked as Atlantic construction workers on the PZ Jardim Project located at 527 West 27th Street in Manhattan and were subject to the exact same illegal pay and notice policies—implemented at the same location—as the members of the Class.   Thus the named Plaintiffs' claims are typical of the claims of the class they seek to represent and meet the typicality requirements of Rule 23(a)(3).

### 4.        Adequacy – Rule 23(a)(4)

The final requirement of Rule 23(a) is that the representative plaintiffs "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "Where the 'class representatives are prepared to prosecute fully the action and have no known conflicts with any class member,' the adequacy requirements are met."  *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*, No. 14 Civ. 2636 (LAK) (FM), 2015 WL 4922961, at *5 (S.D.N.Y. June 18, 2015 (quoting *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 125 (S.D.N.Y.2014)). Additionally, because the named Plaintiffs were subject to the same common policies and practices to which the members of the Class were subject, the same legal arguments and strategies will be used to vindicate their claims.  *See Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 337 (S.D.N.Y. 2010) ("The fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class; the same strategies that will vindicate plaintiffs' claims will vindicate those of the class.") (quotation marks omitted).

Here, the named Plaintiffs, who are prepared to act as class representatives, have no conflict with any Class Members, and will fairly and adequately protect the interests of the Class. (Harrison Decl. ¶ 8, 10.)  Moreover Plaintiffs have already actively participated in the litigation by providing information and documents for the Complaint, maintaining their availability to assist their attorneys in the litigation of the claims of the Class and Collective, and participating in deposition, document, and interrogatory discovery.  (Harrison Decl. ¶ 9.)  To pursue their claims Plaintiffs have retained attorneys who are experienced in wage and hour and class litigation.  (Harrison Decl. ¶ 11-23.)  Plaintiffs have thus met the Rule 23(a)(4) adequacy standard.

### 5.    Implied Requirement of Ascertainability

Courts have added an implied requirement that a class be ascertainable to the formal requirements of Rule 23(a). *Vivaldo v. United Talmudical Acad. of Kiryas Joel, Inc.*, No. 14 Civ. 2636 (LAK)(FM), 2015 WL 4922961, at *5 (S.D.N.Y. June 18, 2015) ("Although it is not within the express language of Rule 23(a), courts have added an implied requirement of ascertainability with respect to the class definition." (internal quotations omitted)).  In the Second Circuit, this requirement is not demanding and only requires that the members of a class can be determined using objective criteria.  *B & R Supermarket, Inc. v. Mastercard International Inc.*, 17-CV-02738 (MKB) (JO), 2021 WL 234550, at *15 (E.D.N.Y. Jan. 19, 2021) ("Unlike other circuits, the Second Circuit does not have a "heightened" requirement of ascertainability—it requires only that a 'class be defined using objective criteria that establish a membership with definite boundaries,' and does not require 'administrative feasibility' of identifying each class member based on that objective criteria.") (citing *In re Petrobras Securities*, 862 F.3d 250, 266 (2d Cir. 2017)).

Ascertainability is a threshold requirement which is easily met in this case.  *See B & R Supermarket, Inc.*, at * 16 ("The Second Circuit has instructed that ascertainability is a 'modest threshold requirement [that] will only preclude certification if a proposed class definition is indeterminate in some fundamental way,' and 'does not directly concern itself with the plaintiffs' ability to offer proof of membership under a given class definition, an issue that is already accounted for in Rule 23.'") (citing *In re Petrobras Securities*, 862 F.3d, at 266)).  Here the class is defined with objective criteria that establish objective boundaries to the class.

### B. Plaintiffs Meet All of the Requirements for Certification Under Rule 23(b)(3)

"In addition to satisfying the four components describing the class and claims under Rule 23(a), Plaintiffs must also satisfy Rule 23(b)." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ.

6548 (RLE), 2012 WL 1320124, at *4 (S.D.N.Y. Apr. 16, 2012).  Plaintiffs and the Class meet

the requirements of Rule 23(b)(3) "that the questions of law or fact common to class members

predominate over any questions affecting only individual members, and that a class action is

superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed.

R. Civ. P. 23(b)(3.

### 1.     Predominance

To satisfy predominance under Rule 23(b)(3), "plaintiff[s] must establish that the issues

in the class action that are subject to generalized proof, and thus applicable to the class as a

whole, . . . predominate over those issues that are subject only to individualized proof." *Guan*

*Ming Lin v. Benihana N.Y. Corp.*, No. 10 Civ. 1335 (RA)(JCF), 2012 WL 7620734, at *5

(S.D.N.Y. Oct. 23, 2012 (internal quotation marks omitted) (R&R *adopted by* 2013 WL 829098

(S.D.N.Y. Feb. 27, 2013); *see Roach v. T.L. Cannon Corp.*, 778 F.3d 401 (2d Cir. 2015)

("Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify

each class member's case as a genuine controversy can be achieved through generalized proof,

and if these particular issues are more substantial than the issues subject only to individualized

proof.'") (quoting *In re U.S. Foodservice Inc. Pricing Litig*., 729 F.3d 108, 118 (2d Cir.2013)).

"'District courts "have routinely found that common questions predominate in wage and hour

actions brought on behalf of a class of employees of the same employer challenging allegedly

illegal policies and practices,"'" as is the case in the instant action.  *Cazares v. AVA Restaurant*

*Corp.*, 15-CV-0477 (KAM)(RML), 2017 WL 1229727, at *7 (E.D.N.Y. Mar. 31, 2017) (quoting

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2015 WL 5813382, at *5

(S.D.N.Y. Sept. 28, 2015) (quoting *Murphy v. LaJaunie*, No. 13 Civ. 6503 (RJS), 2015 WL

4528140, at *7 (S.D.N.Y. July 24, 2015) (collecting cases).

Individualized damages do not preclude certification of a class on issues of liability. "'Typically, common issues predominate when liability is determinable on a class-wide basis, even where class members have individualized damages.'"  *Atakhanova v. Home Family Care, Inc.*, 16-CV-6707 (KAM)(RML), 2020 WL 4207437, at *8 (E.D.N.Y. July 22, 2020) (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 55 (E.D.N.Y. 2019) (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)); *see also In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation.* 330 F.R.D. 11, (E.D.N.Y. 2019) ("Predominance is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'") (quoting *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015)).

After the Supreme Court decision in *Comcast Corp. v. Behrend*, 133 S.Ct. 1426 (2013) the Second Circuit reaffirmed "the law of this Circuit . . .that individualized damages determinations alone cannot preclude certification under Rule 23(b)(3)."  *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 409 (2d Cir. 2015.  In *Roach* the District court, based on its interpretation of the Supreme Court decision in *Comcast Corp.*, 133 S.Ct. 1426 had denied class certification because of the existence of individual damages.  The Second Circuit clarified that the holding in *Comcast* was narrower:  "a model for determining classwide damages relied upon to certify a class under Rule 23(b)(3) must actually measure damages that result from the class's asserted theory of injury."  However, "the [Supreme] Court did not hold that proponents of class certification must rely upon a classwide damages model to demonstrate predominance." *Roach*, 778 F.3d at 407.  The Second Circuit remanded the case for further analysis because "[t]he

Supreme Court did not foreclose the possibility of class certification under Rule 23(b)(3) in cases involving individualized damages calculations." *Id.* at 408.

In the instant case, Plaintiffs and the Class Members all worked at the same location. They were all subjected to Defendants' uniform policies of not paying overtime premiums for hours worked in excess of forty in a workweek and of not providing wage statements and notices.

Questions of liability, such as those raised in section IIA)(2) *supra* at 11-12, including whether the PZ Defendants were employers of the class members, can all be answered with common proof.  Thus Plaintiffs clearly meet the predominance requirement of Rule 23(b)(3)

## 2.    Superiority

Plaintiffs and the Class also satisfy the requirement of Rule 23(b)(3) that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  Superiority may be shown where a class action "'achieve[s] economies of time, effort, and expense, and promote[s] uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'"  *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548(RLE), 2012 WL 1320124, at *5 (S.D.N.Y. Apr. 16, 2012. (quoting *Myers v. Hertz, Corp.*, 624 F.3d 537, 547 (2d Cir. 2010)).

"'Courts routinely hold that a class action is superior where, as here, potential class members are aggrieved by the same policy, the damages suffered are small in relation to the expense and burden of individual litigation, and many potential class members are currently employed by the defendants.'"  *Orellana v. One If By Land Restaurant LLC*, 18-CV-7865 (VSB), 2020 WL 5768433, at *8 (S.D.N.Y. Sept. 27, 2020) (quoting *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 126 (S.D.N.Y. 2014).  Here it is unlikely that most class members would

bring individual actions on their own behalf because the costs of individual litigation would likely outweigh their recovery.  *Sewell*, 2012 WL 1320124, at *5 ("It is equally appropriate for the Court to consider the financial capacity of class members in considering whether the means exists to enforce their rights outside of the class action.").  Without certification, over a hundred individuals will lose any practical means for obtaining damages stemming from Defendants' illegal conduct.  Furthermore, hundreds of similar lawsuits would be a major burden on the courts if members of the Class were to bring numerous separate individual actions.  Moreover there would be a real risk of individuals with identical claims receiving contradictory decisions, resulting in a perception of judicial unfairness.

## III.   Plaintiffs' Counsel Should be Appointed as Class Counsel

Prior to appointing class counsel, Rule 23(g) directs the Court to consider (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  Fed. R. Civ. P. 23(g).

Plaintiffs have retained Harrison, Harrison & Associates, attorneys who are qualified and experienced in wage and hour class action litigation.  As set forth in the Harrison Declaration, HHA has considerable experience litigating large class-actions to successful resolution. (Harrison Decl. ¶¶ 11-18.)  Further, HHA has zealously prosecuted this action and identified the potential claims and has sufficient financial resources to represent the class.  (Harrison Decl. ¶¶ 5-7, 19.)The Rule 23(g) requirements are thus satisfied by the appointment of Plaintiffs' counsel as class counsel.

## IV   Notice to the Class

Rule 23(c)(2)(B), which applies to classes certified under Rule 23(b)(3), requires the court to "direct to class members the best notice that is practicable under the circumstances." Notice may be accomplished through "United States mail, electronic means, or other appropriate means." *Id.*

In this case the PZ Defendants have notified Plaintiffs that they do not have contact information for the Class Members and the Atlantic Defendants have defaulted. In circumstances such as these, where the contact information for the individual members of the class is not easily available, courts have ordered notice through alternate means, including Newspaper ads. *See Bauer-Ramazani v. Teachers Ins. and Annuity Ass'n of America-College Retirement and Equities Fund*, 290 F.R.D. 452, 464 (D. Ver. 2013) (ruling that notice by email to those email addresses that were known and publication in newspapers and a trade journal would provide sufficient notice and denying defendants motion that notice should be mailed to individual members of the class because of the expense).

Plaintiffs believe that the best way to accomplish notice in these circumstances where contact information is missing is through targeted Facebook advertisements that direct Class Members to a website on which the full, court approved, notice is displayed. In addition, text messages should be sent to the class members for whom Plaintiffs are able to obtain cell phone numbers.

Approximately twenty percent of the Class Members have already filed consents to join this litigation with the court. Plaintiffs will also compile a list of phone numbers of class members that are known to Plaintiffs and the opt-in Plaintiffs and text the advertisement directing the recipients to the same website on which the full, court approved, notice is displayed.

Because Defendants were responsible for maintaining records of their employees, Plaintiffs request that the Court order the PZ Defendants to pay for the Facebook ads. *See Wang v. Happy Hot Hunan Restaurant, Inc.*, 1:17-cv-02013 (RA)(JLC), ECF No. 26 (Apr. 23, 2018) (Harrison Decl., Ex. J) (Order of Magistrate Judge Cott ordering defendants to pay for newspaper ads to effect notice of a FLSA collective where they were not able to provide contact information for the their employees).

Attached as Exhibit A to the Declaration of David Harrison is Plaintiffs' proposed notice which satisfies all the requirements of Rule 23(c)(2)(B). Attached as Exhibit B to the Declaration of David Harrison is Plaintiffs' proposed Facebook advertisement and text message. Plaintiffs request that the Court approve these notices. Because all the class speak Spanish and many do not speak English, both the notice and the advertisement will be translated into Spanish before being disseminated to the class members.

**V      The Court Should Certify a FLSA Collective**

Plaintiffs also seek that this Court certify this case as a "collective action", pursuant to section 216(b) of the FLSA on behalf of themselves and the thirty-nine (39) opt ins who have opted in to this case to date.

The FLSA permits employees to create a collective by opting-in to a backpay claim brought by a similarly situated employee. 29 U.S.C. § 216(b). The unique FLSA collective differs from a Rule 23 class because plaintiffs become members of the collective only after they affirmatively consent to join it. *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) (citing *Genesis Healthcare Corp. v. Symczyk,* 133 S.Ct. 1523, 1530, 185 L.Ed.2d 636 (2013). "One of the principal conditions to proceeding collectively under § 216(b) is that the

named plaintiffs be "similarly situated" to the opt-in "party plaintiff[s]." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020).

The Second Circuit recently explained "that the FLSA's 'similarly situated' requirement is 'independent of, and unrelated to' Rule 23's requirements [citing cases], and that it is 'quite distinct' from 'the much higher threshold of demonstrating that common questions of law and fact will 'predominate' for Rule 23 purposes." *Id.* at 518.  The standard for FLSA collective certification "imposes a lower bar than Rule 2." *Id*. at 520.

Inasmuch as Plaintiffs have, for the reasons set forth above, more than satisfied the standards for Rule 23 certification, the Court should also grant FLSA collective certification.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Court (1) certify this case as a class action; (2) certify this case as a FLSA Collective; (3) appoint Named Plaintiffs Andy Gil and Rafael Hernandez as class representatives; (4) appoint Plaintiffs' counsel as class counsel; (5) authorize dissemination of the proposed notice to Class Members via posting on a website and targeted Facebook ads and text messages to individual Class Members; and (6) order the PZ Defendants to pay the cost of the Facebook ads.

Respectfully submitted,

Dated:      August 19, 2021

By:___/s/ Julie Salwen_____
David Harrison, Esq.
dharrison@nynjemploymentlaw.com
Julie Salwen, Esq.
jsalwen@nynjemploymentlaw.com
HARRISON, HARRISON & ASSOC., LTD
110 State Highway 35, Suite 10
Red Bank, NJ  07701
(718) 799-9111
(718) 799-9171 (fax)