# Harrison, Harrison & Associates, Ltd.

90 BROAD STREET, 2nd Floor
NEW YORK, NY 10004
DIRECT DIAL (718) 799-9111
FAX (718) 799-9171
dharrison@nynjemploymentlaw.com

Address all mail to:
110 Highway 35, Suite 10
Red Bank, NJ 07701

April 28, 2022

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2022
```

**RE:** *Gil* et al. *v. Pizzarotti, LLC* et al., Case No. 19-cv-03497 (MKV)

Dear Judge Vyskocil:

    Our firm represents Plaintiffs in the above referenced matter. We write, jointly with Defendants Pizzarotti, LLC, Ignazio Campoccia, and Giacomo Di'Nola to respectfully request that the Court allow the parties to bifurcate the upcoming trial, in accordance with FRCP 42(b). Under this scheme, the first phase of the trial would focus only on liability. Upon a finding of liability, the second phase of the trial would focus on damages.

Bifurcation will enable the parties – and the Court – to more efficiently resolve this case, because bifurcation will narrow the relevant issues to be determined at each phase of the trial. This narrowed focus will result in the need for the testimony of many fewer witnesses during the liability phase of the trial than a full trial on both liability and damages would require. Only in the event of a finding of liability during the first phase, will a second phase trial on the issue of damages be necessary. *See Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 335, 338 (S.D.N.Y., 2013) ("Bifurcation may be appropriate where 'the two phases involve[ ] different types of evidence.' or where "the litigation of the first issue might eliminate the need to litigate the second issue,")(citing *Amato v. City of Saratoga Springs,* 170 F.3d 311, 316 (2d Cir.1999); *Katsaros v. Cody,* 744 F.2d 270, 278 (2d Cir.1984)). Furthermore, because this is a non-jury trial, bifurcating the trial should not present any issues with bringing back the jury (or seating a second jury).

    Assuming the Court grants this request, the parties note that this Order would modify the Parties responses/submissions to Your Honor's Rule 7(A) Joint Pretrial Order.

    We thank the Court for its attention to this matter.

Respectfully Submitted,

/S/ DAVID HARRISON
David Harrison

cc: All Counsel of Record (VIA ECF)

**GRANTED. The parties have waived trial by jury. The issues of liability and thereafter damages will be tried separately to the Court. SO ORDERED.**

Date: 5/17/2022
New York, New York

Mary Kay Vyskocil
United States District Judge