```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ANDY GIL and RAFAEL HERNANDEZ, on behalf of themselves and all other similarly situated,<br><br>    Plaintiffs,<br><br>-against-<br><br>PIZZAROTTI, LLC., ATLANTIC CONTRACTING OF YONKERS, INC., JOEL ACEVEDO, IGNAZIO CAMPOCCIA, GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA, JOHN DOE CORPORATIONS 1-10, and RICHARD ROES 1-10,<br><br>    Defendants, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 9/30/2022<br><br><br>1:19-cv-03497-MKV<br><br>ORDER |

MARY KAY VYSKOCIL, United States District Judge:

The Parties have informed the Court that this case has been settled in principle [ECF No. 177.] The Court is also in receipt of a Notice, Consent and Reference of a Dispositive Motion to a Magistrate Judge form that purports to limit the parties' consent to "consideration of Plaintiffs' motion for approval of the parties' FLSA settlement agreement." [ECF No. 178.]

The order approving settlement would be a final resolution of the case. The parties therefore must consent to the Magistrate Judge for all purposes *or* submit materials for review by this Court. Should the parties choose *not* to consent to the Magistrate Judge for all purposes, in light of the requirements of *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the parties are directed to file a joint letter with sufficient information to enable the Court to evaluate whether the settlement is fair and reasonable on or before **October 14, 2022**.

The letter should address the claims and defenses, the defendants' potential monetary exposure and the bases for any such calculations, the strengths and weaknesses of the plaintiffs' case and the defendants' defenses, any other factors that justify the discrepancy between the potential value of plaintiffs' claims and the settlement amount, the litigation and negotiation

process, as well as any other issues that might be pertinent to the question of whether the settlement is reasonable (for example, the collectability of any judgment if the case went to trial).

The joint letter should also explain the attorney fee arrangement, attach a copy of the retainer agreement, and provide information detailing the actual attorney's fees incurred. Finally, a copy of the settlement agreement itself must accompany the joint letter or motion.

**SO ORDERED.**

Date:  **September 30, 2022**
       **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**