UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ANDY GIL, et al.,

                                    Plaintiffs,                         19-CV-3497 (MKV)(SN)

                      -against-                                          **REPORT &
                                                                       RECOMMENDATION**

PIZZAROTTI, LLC, et al.,

                                    Defendants.

-------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

**TO THE HONORABLE MARY KAY VYSKOCIL:**

Plaintiffs Andy Gil and Rafael Fernandez (the "Plaintiffs") were non-exempt construction

workers of Defendants. Plaintiffs were hired by Atlantic Contracting of Yonkers, Inc. and Joel

Acevedo (the "Atlantic Defendants"), and the Atlantic Defendants were subcontractors to

Pizzarotti, LLC, Ignazio Campoccia, and Giacomo Di'nola (the "Pizzarotti Defendants").

Plaintiffs alleged that the Pizzarotti and Atlantic Defendants, as joint employers, failed to

maintain adequate records and pay Plaintiffs minimum and overtime wages as required by the

Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Pizzarotti

Defendants asserted cross-claims against the Atlantic Defendants for indemnity and contribution.

The Atlantic Defendants failed to appear, and the Pizzarotti Defendants settled with the

Plaintiffs. The Honorable Mary Kay Vyskocil entered a default against the Atlantic Defendants

for indemnification and contribution against the Pizzarotti Defendants. After the Court approved

a settlement agreement between Plaintiffs and the Pizzarotti Defendants, the Pizzarotti

Defendants moved for damages from the Atlantic Defendants. I recommend the Pizzarotti Defendants be awarded a total of $460,000.00.

## BACKGROUND

### I.    Factual Background

"It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint." City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted). Thus, in light of the Atlantic Defendants' default, the Pizzarotti Defendants' properly pleaded allegations are accepted as true, except those relating to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). The following findings of fact are based on the cross-claims' allegations regarding liability. See ECF No. 33 (the "cross-claims" or "CC").

The Atlantic Defendants entered an agreement (the "Agreement") with the Pizzarotti Defendants to perform carpentry, taping, and drywall services at the Jardim Project. CC, ¶ 34. Under the Agreement, the Atlantic Defendants were subcontractors to the Pizzarotti Defendants and had a non-delegable duty to hire, supervise and administer their own workers and comply with all federal and state labor laws. Id., ¶ 35. The Agreement also had an indemnification provision which stated:

> (a) [ATLANTIC] shall defend, indemnify and hold harmless PIZZAROTTI as well as any other entity PIZZAROTTI may direct, in connection with the ownership and/or development of the Property or the Property, together with their respective subsidiaries, affiliates, successors and assigns, and the directors, officers, and employees of each of them ("Indemnified Parties") from and against all claims, liabilities, damages, fines, penalties, and costs of any nature (including reasonable attorneys' fees), arising out of or resulting from [ATLANTIC]'s breach of this Agreement or a negligent act or omission in the rendering of the Services by [ATLANTIC] or its sub-consultants except to the extent that such arises or result from a negligent act or omission of the Indemnified Parties. [ATLANTIC]'s indemnity obligations under this Section 9(a) shall survive termination of the Agreement and shall apply regardless of the theory of liability.

Id., ¶ 44.

Between May 2018 and February 2019, the Atlantic Defendants employed Plaintiffs to perform the contracted construction services. Id., ¶ 10. The Pizzarotti Defendants had no duties, obligations, or responsibilities for hiring, firing, supervising, controlling, and setting pay rates for Plaintiffs. Id., ¶¶ 20, 25. Those responsibilities belonged to the Atlantic Defendants, who failed to pay Plaintiffs minimum and overtime wages or maintain accurate work records. Id., ¶ 15.

## II.      Procedural Background

Plaintiffs filed a complaint on April 19, 2019, alleging that the Atlantic and Pizzarotti Defendants failed to pay Plaintiffs minimum and overtime wages and properly maintain accurate work records. ECF No. 1. Plaintiffs filed an Amended Complaint alleging the same violations. ECF No. 27 ("Am Compl."). The Pizzarotti Defendants answered the Amended Complaint, and asserted cross-claims of indemnity and contribution against the Atlantic Defendants. ECF No. 33.

The Pizzarotti Defendants filed an affidavit of service of their answer to the Amended Complaint on August 14, 2019. ECF No. 34. After the Atlantic Defendants failed to answer or otherwise respond to the Amended Complaint or the Pizzarotti Defendants' cross-claims, the Clerk of Court entered certificates of default on April 25, 2020. ECF Nos. 60-61. The Pizzarotti Defendants filed a motion for default judgment, and the Court held a hearing as to the Atlantic Defendants' liability for indemnification and contribution. ECF No. 114. Judge Vyskocil granted the Pizzarotti Defendants' motion for default judgment against the Atlantic Defendants and deferred any assessment of damages until after a trial on Plaintiffs' claims. Id.

Thereafter, Plaintiffs settled and released the claims against the Pizzarotti Defendants for $460,000.00. ECF No. 191. The Court approved the settlement agreement and ordered the Pizzarotti Defendants to file Proposed Findings of Fact and Conclusions of Law describing all

claimed damages and other monetary relief sought against the Atlantic Defendants. Id. To date,

the Atlantic Defendants have failed to respond.

## DISCUSSION

### I.    Legal Standard

The Court of Appeals set forth the procedural rules applicable to the entry of a default

judgment in City of New York v. Mickalis Pawn Shop, LLC:

> "Federal Rule of Civil Procedure 55 is the basic procedure to be followed when
> there is a default in the course of litigation." Vt. Teddy Bear Co. v. 1–800 Beargram
> Co., 373 F.3d 241, 246 (2d Cir. 2004). Rule 55 provides a "two-step process" for
> the entry of judgment against a party who fails to defend: first, the entry of a default,
> and second, the entry of a default judgment. New York v. Green, 420 F.3d 99, 104
> (2d Cir. 2005). The first step, entry of a default, formalizes a judicial recognition
> that a defendant has, through its failure to defend the action, admitted liability to
> the plaintiff. . . . The second step, entry of a default judgment, converts the
> defendant's admission of liability into a final judgment that terminates the litigation
> and awards the plaintiff any relief to which the court decides it is entitled, to the
> extent permitted by Rule 54(c).

645 F.3d 114, 128 (2d Cir. 2011).

In an inquest for damages where the plaintiff has sufficiently pleaded a claim on which

relief can be granted, the only remaining issue is to determine the amount of damages owed. See

Gucci Am., Inc. v. Tyrrell-Miller, 678 F. Supp. 2d 117, 119 (S.D.N.Y. 2008) (citing Credit

Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). The plaintiff must

provide adequate support for the requested relief. Id.; see also Malletier v. Carducci Leather

Fashions, Inc., 648 F. Supp. 2d. 501, 503 (S.D.N.Y. 2009) ("[A] plaintiff seeking to recover

damages against a defaulting defendant must prove its claim th[r]ough the submission of

evidence . . . ."). A court may determine the amount a plaintiff is entitled to recover without a

hearing, so long as: (1) the court determines the proper rule for calculating damages, and (2) the

evidence submitted by the plaintiff establishes "with reasonable certainty" the basis for the

damages. Id.

4

**II.      Indemnification Liability**

The Pizzarotti Defendants allege that the Atlantic Defendants are liable for indemnification and contribution. Though similar, the concepts of contribution and indemnification are distinct. A party seeking contribution is "at least partially culpable for the underlying tort, and seeks to have the contributor pay for part of the total liability. Vrazel v. Long Island R.R. Co., No. 14-cv-6209 (ADS) (ARL), 2016 WL 6603998, at *8 (E.D.N.Y. Nov. 8, 2016). By contrast, a party "seeking indemnity attempts to shift the entire burden [to] another party on the ground that other party is actually or primarily responsible for the tort." Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp., 465 F. Supp. 790, 794 (S.D.N.Y. 1978). Because the Court must accept as true the Pizzarotti Defendants' allegations that the Atlantic Defendants were solely responsible for violating Plaintiffs' rights under the FLSA and NYLL, the Court evaluates the contractual indemnification claim.

New York courts enforce indemnification provisions if the contractual language evinces an unmistakable intention to indemnify. Haynes v. Kleinewefers & Lembo Corp., 921 F.2d 453, 456 (2d Cir. 1990). The Agreement required the Atlantic Defendants to defend and indemnify the Pizzarotti Defendants "against all claims, liabilities, damages, fines, penalties, and costs of any nature (including reasonable attorneys' fees), arising out of or resulting from [ATLANTIC]'s breach of this Agreement or a negligent act or omission in the rendering of the Services by [ATLANTIC]." ECF No. 33 at 15 ¶ 44. This language clearly indicates that the parties intended for the Atlantic Defendants to indemnify the Pizzarotti Defendants against any claims or damages that arose from Atlantic's negligent conduct, including Plaintiffs' claims that the Pizzarotti Defendants failed to pay wages required under federal and state law. While the Court of Appeals has held that there "is no right of contribution or indemnification for employers found liable under the FLSA," the Pizzarotti Defendants alleged that the Atlantic Defendants

5

were Plaintiffs' legal employers. CC, ¶¶ 21, 22; see also RSR Sec. Servs. Ltd., 172 F.3d 132, 144 (2d Cir. 1999). Because the Atlantic Defendants conceded this allegation through their default and the Court must accept it as true, the indemnification provision in the Agreement is enforceable. Moreover, it is undisputed that the Atlantic Defendants failed to indemnify the Pizzarotti Defendants against Plaintiffs' claims.

When rendering their contractual services, the Atlantic Defendants were statutorily obligated to comply with the federal and state labor laws that governed the rights of their employees. Both FLSA and NYLL required the Atlantic Defendants to pay Plaintiffs the statutory minimum wage and overtime wages for hours worked in excess of 40 hours a week. 29 U.S.C. § 206(a); N.Y. Lab. Law § 652(1); 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 146-1.4. The NYLL required the Atlantic Defendants to maintain accurate records of the hours worked by Plaintiffs. See N.Y. Lab. Law §§ 195(1)(a), 195(3). By failing to pay Plaintiffs minimum and overtime wages and maintain accurate records, Atlantic Defendants were negligent in their compliance with federal and state labor laws. CC, ¶¶ 14-16. To date, the Atlantic Defendants have yet to defend the Pizzarotti Defendants against these claims or compensate them for the costs incurred through their violation of federal and state labor laws. Thus, I find that they are liable for indemnification.

## III.    Damages

Once liability is established, the sole remaining issue before the Court is whether the Pizzarotti Defendants have provided adequate support for the relief they seek. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997); see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d, 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). Determining the

appropriate amount of damages "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." Santana v. Latino Express Rests., Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016). A court need not hold an evidentiary hearing to determine damages but must take the necessary steps to establish damages with reasonable certainty. Id.

The Agreement's indemnification provision required the Atlantic Defendants to indemnify the Pizzarotti Defendants "from and against all . . . damages, fines, penalties, and costs of any nature (including reasonable attorneys' fees), arising out of or resulting from [ATLANTIC]'s . . . negligent act." CC, at ¶ 44. Pursuant to the Agreement, the Pizzarotti Defendants seek $460,000.00 in damages, representing the full settlement with Plaintiffs. This amount includes settlement payments, Plaintiffs' attorneys' fees and litigation costs, as well as service payments. Id., ¶ 51; ECF No. 194 at 17.

Courts permit indemnification for a settlement amount if "(1) the settlement is reasonable, and if (2) the indemnitor has sufficient notice in which to object to the settlement terms." Atl. Richfield Co. v. Interstate Oil Transp. Co., 784 F.2d 106, 112 (2d Cir. 1986). In support of their request for damages, the Pizzarotti Defendants have submitted the fully executed settlement agreement. ECF No. 195-2. The Court approved the settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2105), and the public had notice of the settlement proceedings and access to the related filings. ECF Nos. 128, 177, 179 & 191. Thus, the settlement was reasonable, and the Atlantic Defendants had sufficient notice to object. Accordingly, I recommend that the Pizzarotti Defendants be awarded $460,000.00, representing the full settlement amount.

## CONCLUSION

Based on the evidence presented and the applicable law, the Court recommends that the Atlantic Defendants be held liable to the Pizzarotti Defendants, as Cross-Plaintiffs, for $460.000.00 in damages.

SARAH NETBURN
United States Magistrate Judge

DATED:     August 28, 2023
           New York, New York

                    *          *          *

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). These objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Mary Kay Vyskocil at the United States Courthouse, 500 Pearl, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Vyskocil. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civl. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).