```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/18/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDY GIL and RAFAEL HERNANDEZ, *on behalf of themselves and all others similarly situated*,

                      Plaintiffs,

-against-

PIZZAROTTI, LLC, ATLANTIC CONTRACTING OF YONKERS, INC., JOEL ACEVEDO, IGNAZIO CAMPOCCIA, GIACOMO DI'NOLA a/k/a GIACOMO DI NOLA, JOHN DOE CORPORATIONS 1-10, and RICHARD ROES 1-10,

                      Defendants.

1:19-cv-03497-MKV

**ORDER ADOPTING REPORT AND RECOMMENDATION**

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiffs Andy Gil and Rafael Hernandez commenced this action, on their own behalf and on behalf of all similarly situated workers, against Pizzarotti, LLC, Ignazio Campoccia, and Giacomo Di'Nola (the "Pizzarotti Defendants"), and Atlantic Contracting of Yonkers, Inc. and Joel Acevedo (the "Atlantic Defendants"), alleging that the Pizzarotti Defendants and the Atlantic Defendants, as joint employers, failed to maintain records and pay overtime wages under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). The Pizzarotti Defendants asserted cross-claims against the Atlantic Defendants, subcontractors, for indemnification and contribution, arguing that the Pizzarotti Defendants, as general contractors pursuant to a written agreement (the "Agreement"), had no duties, obligations, or responsibilities with respect to plaintiffs' employment. The Atlantic Defendants failed to appear. Following a hearing, the Court entered a default against them. The Court subsequently approved a settlement agreement in which Gil, Hernandez, and 40 opt-in plaintiffs (together, "Plaintiffs") settled and released their claims against the Pizzarotti Defendants for $460,000.00. The Court ordered the Pizzarotti Defendants

to submit proposed findings of fact and conclusions of law as to the relief they seek from the Atlantic Defendants and referred the matter to Magistrate Judge Sarah Netburn for an inquest on damages. The Atlantic Defendants have not responded to date.

On August 28, 2023, Magistrate Judge Netburn issued a Report and Recommendation recommending that the Pizzarotti Defendants be awarded a total of $460,000.00 from the Atlantic Defendants. [ECF No. 196 ("R&R")]. For a recitation of the factual background and procedural history of the case as relevant to this Order, the Court refers to Magistrate Judge Netburn's Report and Recommendation. *See* R&R 1–4. For the reasons set forth below, the Court adopts Magistrate Judge Netburn's thorough and well-reasoned Report and Recommendation in its entirety and awards the Pizzarotti Defendants $460,000.00 in damages from the Atlantic Defendants.

## LEGAL STANDARD

When reviewing a Report and Recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files appropriate objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). No objections to the Report and Recommendation were filed in this case. As such, the Court reviews the Report and Recommendation for clear error. *See Mannix v. Phillips*, 619 F.3d 187, 192 (2d Cir. 2010); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). To do otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97-cv-3775-LTS-JCF, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted).

**DISCUSSION**

### I. Magistrate Judge Netburn Applied the Correct Legal Standard to the Entry of a Default Judgment

Federal Rule of Civil Procedure 55 articulates a two-step process for the entry of judgment against a party who fails to defend: "first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a)–(b). The first step formalizes the Court's recognition that a defendant who fails to defend admits liability to the plaintiff. *Mickalis Pawn Shop*, 645 F.3d at 128. The second step converts the defendant's concession of liability into a final judgment, terminating the litigation and awarding the plaintiff the relief to which the Court determines it is entitled. *Id.* at 128–29.

Here, the Court entered a default against the Atlantic Defendants, as Cross-Defendants, finding them liable for the indemnity and contribution cross-claims asserted by the Pizzarotti Defendants, as Cross-Claimants, due to the Atlantic Defendants' failure to appear or respond. [ECF No. 114]. The remaining issue before Magistrate Judge Netburn was the calculation of damages so that default judgment could be entered against the Atlantic Defendants. As Magistrate Judge Netburn correctly recognized, a plaintiff seeking to recover from a defaulting defendant must prove its claim for damages through evidence, but a hearing need not be conducted when the Court has "determin[ed] the proper rule for calculating damages on such a claim" and "plaintiff's evidence support[s] the damages" "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 503 (S.D.N.Y. 2009); R&R 4. The Court finds that Magistrate Judge Netburn applied the correct legal standard and appropriately declined to hold a hearing. *See* R&R 4.

## II. Magistrate Judge Netburn Appropriately Found the Atlantic Defendants Liable for Indemnification

A party seeking contribution is a tortfeasor who "seeks to recover proportional shares of the judgment from other joint tortfeasors whose negligence contributed to the injury and who are also liable to the plaintiff." *Zapico v. Bucyrus-Erie Co.*, 579 F.2d 714, 718 (2d Cir. 1978) (internal quotation marks omitted).  By contrast, a "party seeking indemnity attempts to shift the entire burden of the judgment upon another party on the ground that that other party is actually or primarily responsible for the tort." *Tokio Marine & Fire Ins. Co. v. McDonnell Douglas Corp.*, 465 F. Supp. 790, 794 (S.D.N.Y. 1978) (internal quotation marks omitted).

Although the Pizzarotti Defendants seek both contribution and indemnification against the Atlantic Defendants in their cross-claims, the substance of their allegations is that the Atlantic Defendants are *solely* responsible for any violations of Plaintiffs' rights under the FLSA and NYLL, [*see* ECF No. 33 at 9–17 ("CC")], which the Court must accept as true in light of the Atlantic Defendants' default, *see Malletier*, 648 F. Supp. at 502.  The evidence supports this basis for damages with reasonable certainty.  The Agreement under which the Pizzarotti Defendants claim indemnification required the Atlantic Defendants to defend and indemnify the Pizzarotti Defendants against "*all*" claims, liabilities, and damages arising out of the Atlantic Defendants' breach or negligent acts.  CC ¶ 44 (emphasis added); *see* R&R 5.  The Atlantic Defendants' failure to pay Plaintiffs and maintain accurate records in accordance with the FLSA and NYLL, as alleged by the Pizzarotti Defendants and accepted as true for present purposes, was negligent.  And although the Second Circuit does not recognize a right of indemnification for employers found liable under the FLSA, the Pizzarotti Defendants alleged that the Atlantic Defendants *were* Plaintiffs' employers.  CC ¶ 22; *see* R&R 5–6 (citing *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d

132, 144 (2d Cir. 1999)).  Magistrate Judge Netburn appropriately found the Atlantic Defendants liable for indemnification.  *See* R&R 5–6.

### III. Magistrate Judge Netburn Appropriately Recommended Damages for the Full Settlement Amount

As noted above, the Agreement's indemnification provision required the Atlantic Defendants to indemnify the Pizzarotti Defendants from "all claims, liabilities, damages, fines, penalties, and costs *of any nature* . . . arising out of or resulting from . . . [the Atlantic Defendants'] negligent act."  CC ¶ 44 (emphasis added).  The Pizzarotti Defendants seek $460,000.00 in damages, the full amount of their settlement with Plaintiffs.  The Court may permit indemnification for a settlement amount "if (1) the settlement is reasonable, and if (2) the indemnitor has sufficient notice in which to object to the settlement terms."  *Atl. Richfield Co. v. Interstate Oil Transp. Co.*, 784 F.2d 106, 112 (2d Cir. 1986).  The Court reviewed and approved the settlement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *see* ECF Nos. 179, 191, and the Atlantic Defendants were provided with sufficient notice to object.  Magistrate Judge Netburn appropriately recommended that the Court award the Pizzarotti Defendants the settlement amount of $460,000.00 as indemnification from the Atlantic Defendants.  *See* R&R 6–7.

### CONCLUSION

Reviewing Magistrate Judge Netburn's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none.  Accordingly, the Court ADOPTS the Report and Recommendation in full.  The Clerk of Court is respectfully requested to enter default judgment against the Atlantic Defendants, as Cross-Defendants, awarding the Pizzarotti Defendants, as Cross-Claimants, $460,000.00 in damages.

**SO ORDERED.**

**Date:  September 18, 2023**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**